CHAUNCEY HOLT *vs.* CITY OF SOMERVILLE.

Middlesex. January 10. — 26, 1877. COLT & AMES, JJ., absent.

A., the owner of land in a city, bounding on a highway, laid out a private way through his land from the highway several hundred feet to a cross street. The city afterwards took, by authority of the Legislature, a large tract of land for a public park, in which was land belonging to A., and also a portion of the private way, leaving part of the private way between the park and the highway ; and,

within sixty days thereafter, the city filed in the registry of deeds, as required by the act authorizing the taking of land for the park, a plan showing such land. The private way and the land lying between the park and the highway appeared on the plan. Two days after the filing of the plan, A. conveyed to the city, by metes and bounds, two lots of land, both inside the lines of the park, describing them as beginning on the private way, a certain distance from the highway, and bounding on the private way ; and, by a separate deed, another lot of land outside the lines of the park, lying between one of said lines and a portion of the private way, on which it bounded. Each of the deeds contained a reference to the plan, and a clause conveying all the right, title and interest of the grantor in the private way. Neither deed otherwise described that portion of the private way within the lines of the park. The city afterwards voted to widen the highway, and to take land owned by various persons, lying between the highway and the park, for that purpose. In the description of the land taken, that portion of the private way, lying between the park and the highway, was described as owned by A. *Held*, on a petition by A. for a jury to assess damages for such taking, that the right of the petitioner in the whole of the private way, extending to the highway, passed by his previous deeds to the city.

PETITION to the county commissioners for a jury to assess damages for the taking of three lots of land, for widening Broadway in Somerville, in pursuance of a vote of the city council, passed October 19, 1874.

At the trial before a sheriff's jury, it appeared that one of these lots, called Lot 2, consisted entirely of a portion of a private way called Chauncey Street, which the petitioner had laid out some years before, forty feet wide, over his own land, extending northerly, from the old line of Broadway, several hundred feet, to a cross street; and the issue was whether the petitioner had conveyed this lot to the city before the passage of the order above mentioned.

On July 29, 1874, the respondent, under the St. of 1874, c. 97, took certain lands for a public park, some of which belonged to the petitioner, and were in the rear of his lots afterwards taken for widening Broadway.

On August 15, 1874, the petitioner conveyed to the respondent a lot of land described as " beginning at a point in the southeasterly line of Chauncey Street, distant 98.02 feet northeasterly from the northeasterly line of Broadway; thence northeasterly by said line of Chauncey Street 137.39 feet; thence turning at an angle and running northeasterly again, in a line parallel to said line of Chauncey Street, and twenty feet distant therefrom, in a southeasterly direction, 228.40 feet; " thence by various

courses and distances, not now material to be stated, the last of which ran northwesterly to the point of beginning. This deed also conveyed another lot, described as " Beginning at a point in the northwesterly line of said Chauncey Street, distant 99.01 feet northeasterly from said line ofBroadway; thence northeasterly by said northwesterly line of Chauncey Street 16.65 feet, to other land of grantor; thence turning at an acute angle and running southwesterly 16.62 feet, to other land of grantor; thence southeasterly, by said other land of grantor, 5.64 feet, to the point begun at; containing forty-six square feet." Following this description were these words: " Also, all my right, title and interest in said Chauncey Street. The above described lots are shown on a plan showing estates taken for a public park in Somerville, Charles D. Eliot, city engineer, dated August 13, 1874, to be recorded herewith." This plan was the one required, by the St. of 1874, c. 97, § 2, to be filed by the city in the registry of deeds, within sixty days from the time of the taking of any land for the park; and, by the plan, Chauncey Street was closed or discontinued as a private street. So much of the plan as is material to this case is printed in the margin; the words " Lot 1, Lot 2, Lot 3," having been put on the plan since it was filed.*

On August 15, 1874, the petitioner also executed another deed to the respondent of a lot of land described as " beginning at a

point in the southeasterly line of Chauncey Street, distant 235.41 feet northeasterly from the northeasterly line of Broadway · thence northeasterly, in a line parallel with said line of Chauncey Street, and distant twenty feet southeasterly therefrom, 228.40 feet; thence northwesterly 20.34 to said line of Chauncey Street; thence southwesterly, by said line of Chauncey Street, 168.10, to an angle in said line of Chauncey Street; thence southwesterly again, by said line of Chauncey Street, 59.93 feet to the point of beginning." The deed also contained the like clause as the first deed, in respect to the conveyance of the interest of the grantor in Chauncey Street, and the like reference to the plan.

The order of the city council taking lot 2 described it as belonging to the petitioner, and described all other lots bounding on private ways as extending to the middle of such ways.

The respondent requested the sheriff to instruct the jury that the deeds of the petitioner conveyed all the petitioner's right, title and interest in the whole of Chauncey Street, and that he was not entitled to compensation for lot 2. The sheriff declined to give this instruction, but directed the jury to assess the damages for this lot separately.

In the Superior Court, *Bacon,* J., ordered the verdict to be accepted for the full amount; and the respondent appealed to this court.

*S. J. Thomas & S. Z. Bowman,* for the petitioner.

*S. C. Darling,* for the respondent.

ENDICOTT, J. At the time the deeds were given by the petitioner to the respondent, Chauncey Street was open and used as a way. The sheriff's certificate states that it was a private way which the petitioner had laid out some years before, forty feet wide, over his own land, extending from the old line of Broadway. This appears also from the language of both deeds. The first conveys two parcels of land within, and the second one parcel of land without, the limits of the proposed park. All the parcels are bounded on Chauncey Street, and the description of the boundaries of each begins at a point on Chauncey Street a given number of feet distant northeasterly from the line of Broadway. The descriptions clearly refer to a street extending to Broadway as its terminus. This is confirmed by the plan

referred to in the deeds. The lines drawn upon it, and the words " Chauncey Street " within the lines, indicate that the street extended to Broadway over lot No. 2, so called, which is the subject of this controversy. Both deeds, after describing the parcels conveyed by metes and bounds, contain the clause, " Also all my right, title and interest in said Chauncey Street." These words are apt and sufficient to convey whatever interest the grantor had in the land over which Chauncey Street, as described, was laid out. *Harlow* v. *Rogers*, 12 Cush. 291. *Needham* v. *Judson*, 101 Mass. 155. And we are of opinion that all the petitioner's title to the land covered by the way passed by the deeds, including the portion between the proposed park and Broadway. There are no words from which we can find a limitation of the grant to that portion of the street which it was proposed to include within the limits of the park, or to that portion of the street immediately adjacent to the several parcels conveyed. An easement in the street passed to the respondent from the fact that the lands conveyed bounded upon it. It has been repeatedly held that the right thus acquired is not merely coextensive with the land conveyed, but extends the entire length of the way as laid out. *Tobey* v. *Taunton*, 119 Mass. 404, and cases cited. And the same rule must apply where a grantor conveys, not merely an easement, but all his right, title and interest in a way bounding on the land conveyed.

It is unnecessary to consider the effect of the action of the city in locating the proposed park over a portion of the street. It could not deprive the petitioner of the right to convey his interest therein, and cannot affect the construction to be given to his deeds.

The ruling of the sheriff was erroneous, and the verdict must be amended, according to the agreement of the parties, by deducting the amount assessed by the jury for damages to lot No. 2, and the　　　　　　　　*Verdict, as thus modified, accepted.*