ISAAC BULLARD & others *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY & others.

Norfolk.     November 22, 1900. — May 21, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

A deed to a railroad company conveyed certain lots of land on a street called Regent Street. Another deed of the same and other grantors conveyed to the same company other lots on the same street. The express descriptions excluded Regent Street. The first deed then contained this clause "Also intending to convey to the grantee all my rights in said Regent Street above mentioned." The second deed contained the clause " Also intending to convey to the grantee all our rights in said Regent Street." The grantors owned many other lots on Regent Street, which was over twenty-seven hundred feet in length. Subsequently a portion of Regent Street adjoining these other lots was discontinued as a highway and taken by the railroad company for the purposes of its road. *Held,* that the deeds above described conveyed the fee of the grantors only in

those parts of Regent Street adjoining the lots conveyed to the railroad company and not in those parts of it adjoining the lots retained by the grantors, and that the owners were entitled to any damages they could prove for the taking of their property for railroad purposes.

If land which has been taken for a highway is subsequently taken by a railroad company for the purposes of its road, the highway being discontinued, the new use to which the land is subjected may be more onerous to the landowner than the former one, and he is entitled to recover damages, if he can prove them.

PETITION for the assessment of damages under St. 1896, c. 257, on account of the taking for railroad purposes, by a decree of the Superior Court made upon a petition for the alteration of the grade crossing of Milton Street and the respondent's railroad in the town of Hyde Park, of a certain parcel of land formerly a part of a public way called Regent Street and discontinued as a part of said way by said decree, filed May 5, 1898.

At the trial in the Superior Court before *Bishop*, J., it appeared that the case had been sent to Charles A. Williams, Esquire, of Brookline, as auditor, who reported the evidence, the material portions of which are stated in the opinion of the court, and found that the petitioners were not the owners of the fee in the part of Regent Street discontinued as a highway having conveyed it to the respondents by their deeds described in the opinion. The auditor's report continued as follows:

" I also ruled as matter of law that even if I had erred in my interpretation of the rule of law to be applied in the construction of said deeds, and in disregarding the findings of fact made by me upon the evidence introduced for the purpose of showing the construction put upon said deeds by the parties thereto, so that it should prove that the petitioners had not parted with the fee and soil of the part of Regent Street which was discontinued by the decree of the Superior Court, dated May 7, 1897, confirming the report of said Commissioners, and that the petitioners at the date of said decree did in fact own the fee of the part of said street so discontinued by said decree, the petitioners nevertheless were not upon the facts found by me entitled to recover any damages of the respondents.

" All of the foregoing rulings on matters of law were made by me in response to specific requests for rulings made by the respective parties.

" I, therefore, in accordance with said rulings, find and report

to the Court that the petitioners are not entitled to recover any damages of the respondents."

In the Superior Court the only evidence introduced was the auditor's report. The petitioners contended that upon the facts stated in the report the auditor should have found for them, and they also requested the judge to make the same ruling which the auditor was requested to make, that is, that the petitioners at the time of the taking were the owners, subject to the public right of way, of the part of Regent Street discontinued as a highway. The judge refused so to rule, and the petitioners excepted.

The petitioners also contended that the evidence as to the amount of their damages which the auditor excluded should have been admitted, and offered to introduce such evidence. The judge excluded it and the petitioners excepted.

The judge ordered a verdict for the respondents, to which the petitioners excepted, and by consent of both parties the judge reported the case for the consideration of this court. If the rulings were correct judgment was to be entered upon the verdict; otherwise, the case was to stand for trial or such other entry was to be made as law and justice might require.

The case was argued at the bar in November, 1900, and afterwards was submitted on briefs to all the justices.

*C. F. Jenney,* for the petitioners.

*J. H. Benton, Jr.,* for the respondents.

BARKER, J. The principal question is whether the deeds of February 12, 1890, divested the grantors of title in the soil of those parts of Regent Street which did not abut upon the lots conveyed by the deeds to the respondents.

In Isaac Bullard's deed the only language relied upon to produce that effect is the clause " Also intending to convey to the grantee all my rights in said Regent Street above mentioned." This clause follows two separate descriptions of the premises which the deed purports to convey. The first description is of a certain parcel of land in Hyde Park comprising the greater portion of six lots whose numbers are stated, reference being made also to a plan. Then the deed states that the parcel " is bounded and described as follows." In the statement of bounds which follows is the first reference to Regent Street, and it is in these words : " Beginning at the southwesterly corner of the said

parcel where Regent Street meets the land of the Boston and Providence Railroad Company, thence running northerly by the easterly line of Regent Street four hundred eight and eight tenths (408.8) feet to a point, thence turning and running easterly" etc.   In the rest of this clause there is no further mention of Regent Street.

The other deed of the same date is similarly drawn and the clause in it "Also intending to convey to the grantee all our rights in said Regent Street" should be given the same legal effect.

The street was over two thousand seven hundred feet in length.   It had been opened as a means of developing land divided into many lots, of which but a few were conveyed to the grantee by the deeds in question, and the title to much the greater number remained in the grantors.   The grantee was a railroad corporation having no conceivable use for the title of much the greater portion of Regent Street, while if the grantors absolutely divested themselves of all rights in the whole street, the value of their unsold lots would be injuriously affected.   The lots conveyed to the grantee ran back from Regent Street to the railroad location, something over a hundred feet.   In each deed the exact description of the granted premises carried them only to that line of the street which was nearest the location of the railroad.   The rights stated as those which the grantors were "Also intending to convey to the grantee" were not stated in the clauses to be "all my rights in Regent Street" or "all our rights in Regent Street," but in the first deed "all my rights in said Regent Street above mentioned," and in the second "all our rights in said Regent Street."   In form the clauses purport to express the intention of the preceding grants of lots, rather than to make a grant of an additional parcel of land.   After the delivery of the deeds the grantee graded the land lying between the railroad location and the easterly line of Regent Street, and did not grade any part of the street, and erected a fence on the easterly line of the street.

Under these circumstances it seems to a majority of the court that the title to the soil in those parts of the street against which the lots granted did not abut remained in the grantors.

The use of the name of a street in such a connection does not

mean necessarily the street throughout its whole length. Streets are often miles in length, and it would be to give language a meaning contrary to its ordinary acceptation that such a mention of a street·must mean the street in its whole length. Such a clause in a deed of land on Beacon Street near the State House ought not to be held to convey the grantor's interest in Beacon Street opposite another lot of his land located at the other extremity of the city. Therefore the words are open to construction in the light of the circumstances attending the making of the deeds. Under the circumstances the meaning which should be given to them is that they designate those parts of the street which in the deeds are said to bound the lots conveyed as the Regent Street in which it is the intention of the grantors to part with all their rights.

These circumstances fairly distinguish the case from that of *Holt* v. *Somerville*, 121 Mass. 574. That was not a case where lots fronting on a street were being conveyed, but of the conveyance, as part of an adjustment of land damages, of land so cut up by a taking for a park that it could not be used as lots.

The remaining question is whether, owning the fee of the land, the petitioners should have been allowed to introduce evidence tending to prove that they were damaged by the taking of the land for railroad purposes by the decree for the alteration of the grade crossing.

The land was a highway when the proceedings for the alteration began. In the course of the proceedings the highway was discontinued and the land taken by the railroad company for railroad purposes. If we should assume that the petitioners had no such right to damages as if the discontinuance of the highway and the taking for railroad purposes were not in effect one transaction, a question upon which we express no opinion at present, it cannot be said as matter of law that the devotion of the land to a new and different use from that to which it had been subjected by its taking for a highway may not have been more onerous upon the landowner than the former use. The petitioners contended that they were damaged and offered evidence in support of their contention, which was excluded under their exception. It should have been admitted, and the damages, if proved, awarded.

In accordance with the terms of the report the case must

*Stand for trial.*