INHABITANTS OF MIDDLEBOROUGH *vs.* NEW YORK, NEW HA-
VEN, AND HARTFORD RAILROAD COMPANY & others.

Plymouth.   January 25, 1901. — October 10, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER,
HAMMOND, & LORING, JJ.

*Damages.   Grade Crossing Act.*

A town is entitled to have allowed as an item of expense incurred by it in carrying
out a decree for the abolition of a grade crossing, under St. 1890, c. 428, the
value of a portion of its gas and electric light plant taken for a highway under
the decree and any resulting damage to the remaining plant, and this right can
be enforced by a petition filed by the town in the proceedings in the Superior
Court for the abolition of the grade crossing.

BILL IN EQUITY in the Superior Court by the town of Middle-
borough praying for a decree, that the value of certain land,
buildings and appliances purchased and held by the town for
the purpose of its gas and electric light plant, and later taken
for a highway by it in carrying out a decree of the Superior
Court on the petition of its selectmen for the abolition of a grade
crossing under St. 1890, c. 428, and the damages incident to such
taking, are items of expense incurred by the plaintiff which it
is entitled to have ascertained and apportioned under the act,
filed June 19, 1900.

In the Superior Court the defendants demurred, and the case
was reserved by *Braley,* J., for the determination of this court
on the bill and demurrers.

The petition alleged, that commissioners duly appointed by the
court filed their report, in which they stated that to make the
alterations prescribed required the taking of certain parcels of
land for highway purposes, including a portion of the land
and buildings belonging to the municipal lighting plant, and
changing very materially the grade of the street on which those
premises abutted; and that the report of the commissioners,
with the town's assent, on June 19, 1899, was affirmed by a de-
cree of the Superior Court.   On the ground that § 5 of St. 1890,
c. 428, gave no remedy for the assessment of damages in such a

case, the bill prayed for relief under the general equity powers conferred by the act.

The case was argued at the bar in January, 1901, and afterwards was submitted on briefs to all the justices.

*N. Washburn,* for the plaintiff.

*J. H. Benton, Jr.,* for the defendants.

BARKER, J. Land owned in fee by the town of Middleborough, part of its municipal gas and electric light plant, has been appropriated to another public use, in proceedings for the abolition of certain grade crossings, under St. 1890, c. 428, and the acts in addition thereto. The value of the land so taken, including the damage to that part of the plant not taken, is a contribution at the cost of the plaintiff toward the expense of abolishing the crossings, and if the amount of that contribution cannot be included in the account of expenses, and cannot be decreed to be paid by the railroad company, the Commonwealth and the town, in the proportions fixed under the provisions of St. 1890, c. 428, § 6, the town will receive no compensation for this contribution.

Such a result is contrary to the general intention of our statutes relating to the exercise of the right of eminent domain, which uniformly make provision for compensation to the owner of the land so taken.

It is no less contrary to the general intention of St. 1890, c. 428, which provides for the payment by the Commonwealth, the town or city, and the railroad company, in proportions to be fixed in the proceedings, of the total cost of the alterations, including "all damages," and not merely such damages as can be assessed under the fifth section of the statute. St. 1890, c. 428, § 3.

This court has heretofore declared that the general purpose is " that the whole cost or expense of the entire work, including the cost of the commission and of the auditor, should be paid by the railroad company, the Commonwealth, and the city or town." *Boston & Albany Railroad* v. *Charlton,* 161 Mass. 32, 34.

In the present case, the defendants contend that the plaintiff can have no compensation for its contribution of the value of that part of its gas and electric light plant taken, or for any damages to what remains of the plant. The contention is not

based upon any claim of power in the Legislature to compel a municipality to give without compensation its property held for one public use to another such use. See *Mount Hope Cemetery* v. *Boston*, 158 Mass. 509. Damages sustained by the taking of land for a public way in proceedings for the abolition of a crossing are to be paid primarily by the city or town. If the parties interested cannot agree upon the damages, the fifth section of the statute says that the city or town or other party may have them determined by a jury at the bar of the Superior Court, on petition, in the same manner and under like rules of law as damages may be determined when occasioned by the taking of land for the locating and laying out of public ways in such city or town. St. 1890, c. 428, § 5.

But in the present instance, as the plaintiff is both the owner of the land taken and the town in which the way is situated, the plaintiff cannot make an agreement with itself, nor can it maintain a petition for its damages, in which petition the town would be the sole petitioner and the sole respondent. Because of the technical difficulty, which precludes, in this instance, the operation of the remedy for damages provided in St. 1890, c. 428, § 5, the auditor has refused to audit and allow the damages sustained by the taking of the plaintiff's land as an item of expense incurred by the town in carrying out the decree for abolition of the crossings, and so the town has no remedy under the ordinary operation of the statute. If the land had been taken for railroad purposes instead of for a public street, the damages could have been ascertained under the provisions of § 5, in a petition in which the town would have been the petitioner and the railroad company the respondent. This shows that it was not the intention of the statute that land of the town which should be taken for the alterations should be contributed in all instances without compensation.

But the proceedings for the abolition of the crossing are upon the equity side of the court, and besides this there is a section giving the court power in equity to compel compliance with the statute, and to issue and enforce such interlocutory decrees and orders as justice may require. St. 1890, c. 428, § 8.

In the opinion of a majority of the court it was the intention of the Legislature that, when the general and declared purpose

of the statute to have the whole expense of an alteration appor-
tioned could not be carried out under the machinery which in
ordinary cases would effect such an apportionment, that purpose
should be carried out by the exercise of the equity powers of the
court.

The Commonwealth and the railroad companies are both in-
terested in having the amount of the plaintiff's damages fixed at
a just sum.  While neither the Commonwealth nor the railroad
companies could be heard in a petition brought by the town at
the bar of the court under St. 1890, c. 428, § 5, even if such a
petition could be brought by the town against itself, there is no
reason why they could not be admitted as parties to an issue
to be tried to determine those damages.  Nor is there any dif-
ficulty in having that determination of damages made under
an issue framed by order of the court sitting in equity and
tried as under section five of the act the question of damages
would be tried if it were not for the difficulty as to parties.
Such a determination, and a further order that the amount of
the plaintiff's damages, when determined, shall be marshalled
and audited as an expense incurred by the town, and shall be
paid in their due proportions by it and by the Commonwealth
and the railroad companies, are mere steps in compelling com-
pliance with that provision of the act which directs the total cost
of the alterations to be borne by the railroad, the Common-
wealth and the city, including all damages, as well as the dam-
ages to be ascertained and recovered in the manner provided by
the fifth section of the act.  Such steps are required by justice,
since without them the total actual cost of the alterations can-
not, under the other machinery of the act, be imposed where the
express terms of the third section of the act impose it.  Justice
to the town requires that so much of that cost as is represented
by the value of its gas and electric light plant as has been taken
for the alterations, and any resulting damages to the remaining
plant, shall be in part borne by the Commonwealth and the
railroad companies.  A construction of the section of the act
conferring equity power, which would deny jurisdiction to ascer-
tain the plaintiff's damages and order them audited and paid
as other expenses incurred under the decree for abolishing the
crossings, would be too narrow and strict, and would leave the
act to work an injustice which can be avoided.

The plaintiff has a just claim for compensation. The general intention of the statute that it should be paid is clear. The equity power of the Superior Court is capable of justly ascertaining the amount of the claim, and of compelling its payment in the due proportions and by the proper parties. But there is no need of a separate bill for this purpose. The proceedings for the abolition of the crossing are in equity. The better course is to have the necessary equitable relief given in the main proceeding by means of a petition therein, stating the facts which entitle the town to such relief, and asking for such orders as will give it.

The reservation is discharged and the Superior Court directed to allow the plaintiff to amend its bill into a petition in the proceedings for the abolition of the crossing, and, upon such amendment, to entertain the petition and dispose of it in accordance with the construction of the grade crossing acts given in this opinion.

*So ordered.*