BOSTON AND ALBANY RAILROAD COMPANY *vs.* CITY OF WORCESTER.

Worcester.    October 2, 1900. — November 25, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, HAMMOND, & LORING, JJ.

*Damages*, Under grade crossing act.    *Easement.*

Under St. 1890, c. 428, a railroad company is entitled to be allowed damages for land owned by it outside of its location taken for the new location of a highway in abolishing a grade crossing, and also for land so owned abutting on the highway and damaged by the change of grade.

Where, under St. 1890, c. 428, a highway is carried over a railroad by an overhead bridge and a portion of the railroad location is used for the abutments of the bridge and the approaches to it, no new easement is imposed thereby upon the land of the railroad for which the railroad company can recover damages under § 5 of the statute, even where the new overhead way is not laid out at the point at which the way formerly crossed the railroad at grade, but on account of the lay of the land is deflected and carried over the railroad at another place in the immediate neighborhood. LATHROP, J. dissenting.

PETITION by the Boston and Albany Railroad Company, under St. 1890, c. 428, and acts in amendment thereof, for the assessment of damages occasioned to the petitioner by the taking of certain of its lands for streets and the abutments of bridges over the petitioner's tracks in Worcester, constructed as a part of the abolition of certain grade crossings in Worcester, filed April 1, 1892, and notice thereof to the city of Worcester issued January 17, 1895.

At the trial in the Superior Court, before *Gaskill*, J., the case was submitted upon agreed facts, on which the judge directed a verdict for the defendant, and, at the request of the petitioner, reported the case upon the agreed facts for the determination of this court. If the ruling was right, judgment was to be entered for the defendant. If it was wrong, such judgment was to be entered as the law required upon the agreed facts.

The agreed facts were as follows:

1. That Sutton Lane, a public way in the city of Worcester, before June 21, 1890, crossed the railroad of the petitioner at grade; that a decree of the Superior Court filed April 3, 1891, confirmed the decision of a special commission under St. 1890, c. 428, and acts in amendment thereof, separating the grades at this crossing and altering the location and grades of Sutton Lane, so that the crossing was moved about two hundred and twenty-five feet to the east and that the public way passed across the railroad upon an overhead bridge; that two parcels of land owned in fee simple by the petitioner and lying within its railroad location were, by the terms of the decree, wholly taken and exclusively occupied by the solid masonry abutments and earth filling of the bridge carrying the public way over the railroad in its new location, one of the parcels being on the northerly side of the location and containing eight hundred and ninety-two square feet, and the other on the southerly side of the location and containing eight hundred and eighty-five square feet; that before the alteration of the crossing the railroad location at the point in question was ninety-nine feet wide; that after the alteration the clear space between the abutments of the bridge was fifty-five feet; that the abutments were forty feet wide, measured lengthwise of the railroad; that before the alteration there was room upon the location of the railroad at the point in question for seven tracks, and that after the alteration there was room for only four tracks; that in case the petitioner was entitled to recover damages for the taking and occupation of these parcels of land, such damages for the one thousand seven hundred and seventy-seven square feet so taken and occupied, amounted to $281.60, with interest from the date of the decree.

2. That Heard Street, a public way in Worcester, before

June 21, 1890, crossed the railroad of the petitioner at grade; that by decree filed April 3, 1891, the Heard Street crossing was moved about one hundred and sixty-four feet to the west and that the public way passed across the railroad upon an overhead bridge; that two parcels of land owned in fee simple by the petitioner and lying within its railroad location were, by the terms of the decree, wholly taken and exclusively occupied by the solid masonry abutments and earth filling of the bridge carrying the public way over the railroad in its new location, one of the parcels being on the northerly side of the location and containing one thousand nine hundred and thirty-two square feet, and the other on the southerly side of the location and containing one thousand two hundred and eleven square feet ; that before the alteration of the crossing the railroad. location at the point in question was ninety feet wide; that after the alteration the clear space between the abutments of the bridge was fifty-two feet; that the abutments were eighty-seven and a half feet wide, measured lengthwise of the railroad; that before the alteration there was room upon the location of the railroad at the point in question for six tracks, and that after the alteration there was room for only four tracks; that in case the petitioner was entitled to recover damages for the taking and occupation of these parcels of land, such damages for the three thousand one hundred and forty-three square feet so taken and occupied, amounted to $157.15, with interest from the date of the decree.

3. That Ludlow Street, a public way in Worcester, before June 21, 1890, crossed the railroad of the petitioner at grade; that a decree of the Superior Court filed April 6, 1891, confirmed the decision of a special commission under St. 1890, c. 428, and acts in amendment thereof, separating the grades at this crossing and altering the location and grades of Ludlow Street, so that the crossing was moved about three hundred and eighty-two feet to the east and that the public way passed across the railroad upon an overhead bridge; that two parcels of land owned in fee simple by the petitioner and lying within its railroad* location were, by the terms of the decree, wholly taken and exclusively occupied by the solid masonry abutments and earth filling of the bridge carrying the public way over the railroad in its new location, one of the parcels being on the

northerly side of the location and containing two thousand two hundred and nine square feet, and the other on the southerly side of said location and containing one hundred and fifty-seven square feet; that before the alteration of the crossing the railroad location at the point in question was eighty-two and a half feet wide; that after the alteration the clear space between the abutments of the bridge was fifty-one feet; that the abutments were eighty-five and a half feet wide, measured lengthwise of the railroad; that before the alteration there was room upon the location of the railroad at the point in question for six tracks, and that after the alteration there was room for only four tracks; that in case the petitioner was entitled to recover damages for the taking and occupation of these parcels of land, such damages for the two thousand three hundred and sixty-six square feet so taken and occupied, amounted to $118.30, together with interest from the date of the decree; that for the new location of the public way, one thousand eight hundred and fifty square feet of land owned in fee simple by the petitioner and situated outside its railroad location, were taken by the decree, and that the damages for the taking of this parcel of land amounted to $92.50, with interest from the date of the decree.

4. That Webster Street, a public way in Worcester, before June 21, 1890, crossed the railroad of the petitioner at grade; that another decree of this court filed April 3, 1891, confirmed the decision of a special commission under St. 1890, c. 428, and acts in amendment thereof, separating the grades at this crossing by lowering the grade of Webster Street so that it passed underneath the railroad at a bridge at the same location as the former crossing at grade; that the petitioner owned in fee simple a parcel of land bounded southerly by the northerly line of its railroad location and westerly by Webster Street, measuring upon Webster Street about one hundred feet; that by the lowering of the grade of that public way opposite the premises of the petitioner, the petitioner was damaged to the amount of $509, with interest from the date of the decree.

The case was submitted on briefs at the sitting of the court in October, 1900, and afterwards was submitted on briefs to all the justices except *Barker*, J.

*S. Hoar & W. Hudson,* for the petitioner.

*A. P. Rugg & E. I. Morgan,* for the respondent.

LORING, J.   *Middleborough* v. *New York, New Haven, & Hartford Railroad,* 179 Mass. 520, disposes of the petitioner's claim for damages to two parcels of land outside its location, one in connection with the change of grade of Ludlow, and the other in connection with the change of grade of Webster Street. Indeed, this case does not go so far as *Middleborough* v. *New York, New Haven, & Hartford Railroad;* here there is no difficulty as to parties. The petitioner, therefore, is entitled to judgment for the two sums of $92.50 and $509, with interest from the dates of the respective decrees altering the grades of the two streets mentioned above.

But we are of opinion that, so far as the change of grade of Sutton Lane and of Heard Street is concerned, the railroad is not entitled to recover.

Sutton Lane, before the alteration in grades, crossed the railroad at the same level. By a decree of the Superior Court, confirming a decision of a special commission under St. 1890, c. 428, an alteration was made in the grades of the railroad and highway; the alteration adopted consisted in the new highway's being carried over the railroad by an overhead bridge at a point two hundred and twenty-five feet east from the original crossing; in carrying this decree into effect, eight hundred and ninety-two square feet of land within the railroad location on its northerly side and eight hundred and eighty-five feet of it on its southerly side were covered by the abutments for the new bridge and by the approaches to it. It is agreed that in case the petitioner is entitled to recover damages for the taking and occupation of these parcels of land, such damages for the one thousand seven hundred and seventy-seven square feet so taken and occupied amount to $281.60, together with interest from the date of said decree. It is also stated in the agreed facts that before the alteration of said crossing the railroad location at the point in question was ninety-nine feet wide; that after said alteration, the clear space between the abutments of said bridge was fifty-five feet.

Where an alteration in grade is made under St. 1890, c. 428, so as to avoid a highway crossing a railroad at the same level,

and the way is carried over the railroad by an overhead bridge, a portion of the railroad location being in fact used for the abutments of the new overhead bridge and the approaches to it, we do not think that a new easement has been imposed upon the land covered by the location of the railroad for which the railroad company can recover damages under § 5.

In such a case, before the alteration in grade is made the land within the limits of the location of the railroad and of the layout of the highway was subject to two conflicting easements; before the alteration in grade the railroad did not, in such a case, own the exclusive right to use the whole of its location for railroad purposes, but throughout the entire width of its location and to the extent of the width of the highway, its location was subject to the burden of the highway; and so, before the alteration, the public did not own the exclusive right to the way, but throughout the entire width of the way, to the extent of the width of the location, the way was subject to the burden of the railroad. After the alteration in grade the railroad got the exclusive use of its location within the abutments of the bridge, and the public got the exclusive use both of the new overhead bridge and of the land covered by the abutments of it and by the approaches to it.

The Legislature might have provided that the character of the action of the commissioners in separating grades in such a case should be a regulation of these two conflicting easements, giving to each in the future an exclusive right to part of that, over which the two had had conflicting rights. Or, on the other hand, the Legislature might have provided that the alteration in grade should operate as a termination of the burden of the old way and the imposition of a new easement by laying out a new way, and that damages should be recovered for the imposition of the new burden. The language used in St. 1890, c. 428, is not explicit as to which the Legislature intended to do, but, on the whole, we are of opinion that an alteration of grades under this statute is to be taken to be a regulation of two conflicting easements, so far as the land covered by the location of the railroad and the layout of the highway is concerned, and not the imposition of a new burden for which damages can be recovered under § 5.

The burden from which a railroad is released by a separation of grades is not an inconsiderable one.   A railroad, in running its trains over a grade crossing, must in all cases use due care not to come into collision with travellers using the highway on foot or in carriages, at the risk, if due care is not used, of paying for all damages caused by a collision for which they alone are in fault.   In addition to that, when the use of the way made by the public is considerable, the railroad must be at the expense of maintaining a flagman or a gate tender at the crossing whenever a train passes over it.   If, on an alteration of grades under St. 1890, c. 428, the action of the commissioners is an abolition of the old way and the imposition of a new burden, the question whether the railroad would be relieved of this burden without having to pay for it or to account for the benefit of that release is not clear.   A similar question was left undecided in *Bullard* v. *New York, New Haven, & Hartford Railroad*, 178 Mass. 570, 574.

In the case at bar, the new overhead way was not laid out at the point at which the way formerly crossed the railroad at grade, but at a point two hundred and twenty-five feet east of the former grade crossing; but if the transaction is a regulation of conflicting rights when nothing more is done than to raise the grade of the old way, we do not think the character of it is changed, when the natural lay of the land is such, that it is better for all, who have to pay the expenses of the alteration in grade, that the way should be deflected and carried over the railroad at another place in the immediate neighborhood.   In such a case, the railroad location and the way should be looked at as a whole.   The location as a whole was, before the alteration in grade, subject to the two conflicting easements of the old way and of the railroad; and, as a whole, the location is now subject for a part of its width to the exclusive use of the easement of the abutments of the new bridge and of the approaches to it, and has got the exclusive right to the use of its location within those abutments for railroad purposes.

We are, therefore, of opinion that the railroad is not entitled to compensation for the land within its location occupied by the abutments of the new bridge by which Sutton Lane crosses the railroad and by the approaches to it.

The alteration of the grade of Heard Street stands on the same footing.

> *Judgment for the petitioner on the third claim for $92.50, with interest from April 6, 1891, and on the fourth claim for $509, with interest from April 3, 1891; judgment for the respondent on the first and second claims.*

LATHROP, J.    I am unable to agree with so much of the opinion of the majority of the court as relates to the parcels of land of the petitioner near Sutton Lane and Heard Street, taken under the St. of 1890, c. 428, § 5. All these parcels were within the location of the railroad, but were owned in fee simple by the petitioner. They were taken for a public use, to the cost of which the petitioner must contribute under the statute to the amount of sixty-five per cent, but the opinion of the majority of the court throws the entire burden of the loss sustained by the taking of these parcels upon the petitioner. If the opinion of the majority rested upon the ground that the land taken was within the petitioner's location, it would be in conflict with the principles stated in *Middleborough* v. *New York, New Haven, & Hartford Railroad*, 179 Mass. 520, and also with the decision in the case of *Newton, petitioner*, 172 Mass. 5. In that case the expense of altering the old station house of the railroad company, and lowering it to meet the new tracks, and providing suitable approaches was allowed. The station house was partly within and partly without the location of the railroad. This fact appears in the record of the case, though not in the case as reported.

The opinion of the majority of the court seems to rest on the theory that the town had an easement where the old way existed, and the railroad company had an easement at the same place; that if the railroad company was obliged to allow a bridge to be built there, and the abutments were placed on the land of the railroad company, no recovery could be had for land so taken, because in some way the loss the railroad company had sustained would be compensated by the gain it acquired in not having the land subject to the easement of the town; and that this principle applies where the bridge is built some distance away. One difficulty about this reasoning is that it is not founded on the agreed facts. The parties have agreed on the

facts relating to the parcels of land taken, and among them is the fact that the railroad company owned the parcels of land taken in fee. They have not agreed that the railroad had only an easement at the crossing, or that the town had only an easement. Nor does it appear which was laid out first, the railroad or the way, a fact often of great importance under our statutes. See *Nichols* v. *Boston & Maine Railroad*, 174 Mass. 379, 380.

If the railroad had only an easement at the crossing, I cannot see that the law applicable to such a condition of things, if correctly stated by the court, can apply to a parcel of land which the railroad company owns in fee.

I venture also to say that there is nothing in the statute which provides for the setting off of one easement against another. The case in my opinion comes clearly within the language of § 5, of the St. of 1890, c. 428; and I can see no reason why the railroad company should not be allowed to have the value of its land, which has been taken under the provisions of the act, included in the adjustment of damages.