DANIEL HULL & another *vs.* INHABITANTS OF WESTFIELD.

Hampden. Sept. 26. — Oct. 23, 1882. ENDICOTT, LORD & FIELD, JJ., absent.

Where a statute authorizes a work for public use, and the work is executed in a reasonably proper and skilful manner, any damage necessarily caused to any person by taking his property can be recovered only in the manner pointed out by the statute.

If the Legislature gives a town authority to construct a dike, to dig a channel in a river, to cut down and remove any trees or brush, and to remove and carry away any logs, stones or earth which hinder the passage of the water, and the town by vote appoints a committee to do the work, and authorizes it to cause all trees and brushwood to be cut down and removed, and all the logs, drift wood and other obstructions to be removed and carried away, and to remove the material excavated to or beyond the dike, the committee may cause the logs to be burned, if that is the most convenient and prudent way of disposing of them, and may use the material excavated in the construction of the dike. ·

TORT for the conversion of certain gravel, wood and logs. Trial in the Superior Court, without a jury, before *Putnam*, J., who ruled that the action could not be maintained; found for the defendant; and reported the case for the determination of this court. If the ruling was correct, judgment was to be entered for the defendant; otherwise, a new trial to be ordered. The facts appear in the opinion.

*H. W. Ely*, for the plaintiffs.

*M. B. Whitney*, (*J. R. Dunbar* with him,) for the defendant.

MORTON, C. J. The St. of 1879, *c.* 150, authorized the town of Westfield to locate and construct a dike for the purpose of protecting the highways from damage in times of freshets, and

to enter upon lands and to take the soil and other materials needed to construct and maintain the dike. It also authorized the town to dig a channel on Town Island, so called, and to cut down and remove any trees or brush, and to remove and carry away any logs, stones, earth or other material on Town Island which hindered the free passage of the water. It further provided that any damages sustained by any party by acts done under the provisions of the act should be ascertained and determined by the town, and gave to any party aggrieved the right to apply for a jury to revise such determination.

The town proceeded under the act to build a dike and to dig a channel. In digging the channel, the committee appointed by the town removed the gravel on land of the plaintiffs within the limit staked out for the channel, and used it in the construction of the dike, and cut some wood and removed and carried away some logs and stumps, within and near the channel, belonging to the plaintiffs, which in the judgment of the committee impeded the free passage of the water. Some of the logs or stumps were burned. The plaintiffs bring this action of tort to recover for such gravel, wood, logs and stumps. The judge, before whom the case was tried without a jury, found that all the acts complained of were done under the authority of the act of the Legislature, and that the provisions of the act were complied with.

Upon these facts, it is clear that this action cannot be maintained. The case falls within the well-established rule, that where the Legislature authorizes a work for public use, and the work thus authorized is executed in a reasonably proper and skilful manner, any damage necessarily caused to any person by taking his property can be recovered only in the manner pointed out by the statute. The acts complained of in this case were done under the authority of the public, in the exercise of the right of eminent domain; they were legal and right, and the plaintiffs' exclusive remedy is by an application for a jury under the statute. *Perry* v. *Worcester*, 6 Gray, 544.

The plaintiffs contend that they were not bound to pursue the remedy provided by the act, because some of the acts of the committee exceeded the authority conferred on them by the votes of the town. These acts were the burning of some of the

logs and stumps, and the using of the gravel excavated from the channel in the construction of the dike. The committee had the right to do these acts under the vote upon article third of the warrant. The vote to cause all trees and brushwood to be cut down and removed, and all the logs, driftwood and other obstructions to be removed and carried away, authorized the committee to burn the stumps and logs if that was the most convenient and prudent way of removing and disposing of them. The vote " that the material excavated be removed to or beyond the dike " necessarily imports that it might be used in the construction of the dike.            *Judgment for the defendant.*