## JOSEPH PETERSON vs. CITY OF WALTHAM.

Middlesex.   November 19, 1889. — January 4, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Laying out of Way — Action of Tort for Damages — Amendment*
*— Waiver — Estoppel.*

A way was duly laid out on November 29, 1886, and an action of tort for damages alleged to result therefrom was brought in the Superior Court on November 25, 1887, but no declaration was inserted in the writ, and nothing was filed in the clerk's office until the year after the adoption of the order had expired. The answer set up that the alleged acts were done in the location and construction of a public way. At the trial an amendment was allowed changing the process into a petition under the Pub. Sts. c. 49, §§ 32, 105, for the assessment of damages. *Held,* that the amendment was improperly allowed, and that the defendant city had not impliedly assented to or estopped itself from objecting to its allowance.

W. ALLEN, J.   This is an action of tort to recover damages for the taking of the plaintiff's land, and laying out streets over it, in Waltham, commenced by a writ dated November 25, 1887, returnable on the first Monday in January, 1888. The writ contained no declaration, but the declaration was filed when the writ was entered on the return day. Nothing was filed in the clerk's office until then. When the case came on for trial, the plaintiff asked for leave to amend his process by making it a petition for a jury to assess damages for land taken for a public way; and the court, against the objection and exception of the defendant, allowed the plaintiff to amend his action into a petition for a jury; and the plaintiff, on December 27, 1888, filed such a petition.

The question is whether the court had authority to allow the amendment. The petition seeks for the assessment of damages, caused by the taking of land for public ways laid out by orders of location adopted on November 29, 1886, and on October 8, 1887. No action will lie for taking land for public ways in the manner prescribed by statute. The only remedy for a person aggrieved is the petition provided for by the statute. The Pub. Sts. c. 49, §§ 32, 105, provide that a party aggrieved may have a jury to

determine the matter of his complaint upon application by petition to the Superior Court.   Upon such petition notice is to be ordered by the court; § 106 provides that the petition may be filed in the clerk's office in vacation, and that such filing shall be deemed the commencement of proceedings; § 33 provides that the application may be made at any time within one year from the adoption of the order.   This applies to the orders of location in this case, and limits the time within which the petition could be filed and proceedings commenced to one year from the respective orders.   *Eaton* v. *Framingham,* 7 Cush. 245. *Loring* v. *Boston,* 12 Gray, 209.   *Brookline* v. *County Commissioners,* 114 Mass. 548.

If the court had power to change this action of tort into proceedings for damages under the statute, it must be by virtue of some authority by which it could disregard the provision of the statute that proceedings for damages shall be commenced by petition filed in court, or in the clerk's office, within a limited time, and to hold good proceedings commenced by writ, and without the filing of a petition.   Even if the amendment could be regarded as changing the declaration into a petition from the time it was filed, or as changing the writ into a petition from the time it was issued, the effect would be to show that the court had no jurisdiction, and that there were no legal proceedings before it.   In *Sanger* v. *Newton,* 134 Mass. 308, cited by the plaintiff, the motion was to amend a petition of which the court had acquired jurisdiction under the statute.   See *Davenport* v. *Holland,* 2 Cush. 1.

There is no ground for the contention that the defendant had impliedly assented to the allowance of the amendment, or had estopped itself from objecting to it.   It set up in its answer the defence, that its acts were done in the location and construction of a public way, but the plaintiff did not make his motion to amend until the trial.

*Exceptions sustained.*

*G. L. Mayberry,* for the defendant.
*B. B. Johnson,* for the plaintiff.