ANNIE GATELY *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.    January 20, 1898. — June 24, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Land Damages — Grade Crossing — Motion to dismiss Petition for Want of Jurisdiction — Constitutitional Law.*

The Superior Court cannot entertain a petition for the assessment of damages caused by the taking of the petitioner's land by a railroad corporation, which petition is not brought, as required by § 5 of the St. of 1890, c. 428, within one year after the date of the decree of the court confirming the decision of the commission appointed under § 1 of that statute.

Section 5 of the St. of 1890, c. 428, is not unconstitutional because it does not provide for notice to the owner of land taken by a railroad corporation. The statute makes ample provision for notice, and no other notice is necessary.

PETITION, to the Superior Court, under the statutes relating to the abolition of crossings at grade by railroads and other roads, for an assessment of damages caused to the petitioner's property in Boston. The respondent appeared specially, and moved to dismiss the petition for want of jurisdiction. *Sheldon,* J., granted the motion and dismissed the petition ; and, the petitioner having excepted, reported the case with the assent of both parties for the determination of this court. The nature of the motion and the material facts appear in the opinion.

*C. G. Keyes & C. D. Keyes,* for the petitioner, submitted the case on a brief.

*J. H. Benton, Jr.,* for the respondent.

LATHROP, J.   The petition in this case alleges that a portion of the petitioner's land was taken by the respondent for railroad purposes by a decree of the Superior Court made on June 23, 1894, and she asks that her damages sustained by the taking be assessed by a jury at the bar of that court.   The petition was filed on November 26, 1895, and the respondent moved to dismiss the petition on the ground that the court had no jurisdiction.   This motion was granted, and the petition was dismissed. The report of the presiding justice, on which the case comes before us, states that the land was taken by a decree of the court made on June 23, 1894, under the provisions of the Sts. of 1892, c. 433, and 1893, c. 126.

By the St. of 1892, c. 433, § 5, the St. of 1890, c. 428, §§ 1–8, is made applicable to all proceedings under the act, and by the St. of 1893, c. 126, § 1, it is provided that damages shall be assessed and recovered as provided by the St. of 1890, c. 428.

All of these statutes relate to the abolition of crossings at grade by railroads and other roads.   The St. of 1890, c. 428, § 5, provides for the assessment of damages, by a jury in the Superior Court, on petition brought within one year after the date of the decree of the court confirming the decision of the commission appointed under § 1.

The petitioner contends that § 5 is unconstitutional, because it does not provide for notice to the owner whose land is taken. But the entire proceeding of taking the land is by a suit in court.   Before the commission is appointed, § 1 requires a notice " by public advertisement or otherwise, as the court shall deem desirable."   Before the commission can act, there is, by § 3, to be " due notice and hearing," and " it shall prescribe the manner and limits " within which the alterations are to be made.   By § 4, it is made the duty of the clerk of the court, " within thirty days after the making of said decree, to cause a copy of such decision and decree to be filed with the county commissioners of the county or counties in which the land or other property taken and the crossing are situated, and also to be recorded in the registry of deeds for the counties and districts in which such land, property, and crossings are situated."

It thus appears that the statute makes ample provision for notice, and no other notice is necessary. *Allen* v. *Charlestown,* 111 Mass. 123. *Holt* v. *Somerville,* 127 Mass. 408. *Collins* v. *Holyoke,* 146 Mass. 298, 307.        *Petition dismissed.*