MARY E. McGRATH & others *vs.* INHABITANTS OF WATERTOWN.

Middlesex.     March 18, 1902. — May 21, 1902.

Present: HOLMES; C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Way. Practice, Civil.*

A petition for damages from the widening and alterations of a highway, under Pub. Sts. c. 49, §§ 68, 69, 79, St. 1892, c. 415, if land is taken, must be filed within one year from the day the way is entered upon and possession taken, and, in all other cases, within one year from the date of the order. Assuming that the defence that a petition was not filed in time under these provisions must be pleaded, and that it may be waived, yet, in a case where no answer has been filed and none demanded, the objection may be taken by an oral motion to dismiss made when the jury is impanelled, by consent reduced to writing during the trial and "formally filed in writing" some days after the verdict.

PETITION, filed July 26, 1899, under the statutes named by the court for a jury to assess damages from the widening and alterations of Waltham Street in Watertown.

No answer was filed.

At the trial in the Superior Court, on March 19, 1901, before *Hardy*, J., a jury was impanelled, and the respondent then for the first time made an oral motion to dismiss upon the ground that the petition was not filed within the time limited by the statute. On the suggestion of the judge and by agreement of the parties, consideration of this motion to dismiss was reserved until after verdict, time being given to the respondent to file its motion in writing. The evidence was submitted to the jury upon the issue of damages, and a verdict was returned for the petitioners in the sum of $465.10. The motion to dismiss was formally filed in writing on March 25, 1901, although the motion was given to the presiding judge at the close of the trial. At a subsequent hearing on the motion, at which the petitioners

objected to the right of the judge to act upon the motion as being presented and filed too late, the judge ordered that the petition be dismissed, and, by agreement of the parties, reported the case for determination by this court. If the order was correct, the petition was to stand dismissed, with costs to the respondent; otherwise, the verdict was to stand for the petitioners and judgment was to be entered thereon with interest from the date of the verdict.

R. R. *Gilman*, J. T. *Wilson* & P. *Pinkney*, for the petitioners.
J. E. *Abbott*, for the respondent.

HOLMES, C. J.   This is a petition for a jury to assess the damages occasioned to the petitioners' land by the widening of a town way in Watertown. The petition is brought under Pub. Sts. c. 49, §§ 68, 69 and 79, the last as amended by St. 1892, c. 415, § 2. By the latter statute the petition must be brought within the time specified in Pub. Sts. c. 49, § 33, amended by § 1 of the same statute. If, as alleged in the petition, land of the petitioners' was taken, this would be within one year from the day when the way was entered upon and possession taken for the purpose of constructing the same, otherwise, within one year from the date of the order. The town voted in December, 1897, to lay out the way. The street was entered upon on May 26, 1898, and the work was finished on July 23, 1898. This petition was filed on July 26, 1899, and therefore was too late, and on this ground it was dismissed by the Superior Court. The case comes here on report. The petitioners contend that the defence was not open because not seasonably and properly set up, and also that the respondent's conduct precludes it from taking the defence.

The last mentioned contention seems to be an afterthought, and may be dismissed with a word. Such facts as are reported make it highly probable that the petitioners knew of every step as it was taken, and certainly are as far as possible from establishing as matter of law that the respondent was responsible for the petitioners' delay.

The facts with regard to the other matter are these. The case came on for trial on March 19, 1901. No answer had been filed and none appears to have been demanded. After the jury was impanelled the respondent made an oral motion to dismiss,

on the ground that the petition was filed too late. On the suggestion of the court, and by agreement, consideration of the motion was reserved until after the verdict, and time was given to the respondent to file the motion in writing. The motion was reduced to writing and given to the presiding judge before the close of the trial, but it was "formally filed in writing" some days after the verdict.

For the purposes of this decision it may be assumed that the petitioners' premise is true, and that in this case as in others the lapse of the year must be pleaded, and even that the defence may be waived, *Sawyer* v. *Boston*, 144 Mass. 470, 472, although if necessary those cases would have to be dealt with which declared that the earlier law went to the jurisdiction of the court and that the defect could not be cured by waiver. *Custy* v. *Lowell*, 117 Mass. 78. *Cambridge* v. *County Commissioners*, 117 Mass. 79, 83. The petitioners seek to distinguish these cases on the ground that the proceedings before a jury are no longer as formerly only appellate and that therefore now the limit of time is an ordinary statute of limitations — a ground which we do not adopt by passing it by.

We must take it from the action of the court and from the face of the statement that the respondent is entitled to stand as well as if the motion to dismiss had been filed in writing when it first was made, if the reduction to writing was of any importance. At that moment, as now, there was no answer and therefore every defence was open. The motion called the attention of the court and of the other side to this defence, and insisted upon it. More could not be required, on the strictest principles, so long as an answer was not demanded. See *Russell* v. *New Bedford*, 5 Gray, 31, 35. The rule that the ordinary statute of limitations must be pleaded does not mean that it stands worse than other defences and must be put in writing even when they are not. It presupposes that a written answer has been filed and has no application when the plaintiff is content to go to trial without one, as in cases of this kind often is done. As the case stood, the only question about which there could have been the least doubt is whether the petition should be dismissed or a verdict ordered for the respondent. That purely formal question was not intended to be brought here.

*Petition dismissed.*