BENJAMIN LANCY vs. CITY OF BOSTON.

Suffolk.    November 19, 1903. — February 27, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Damages.    Practice, Civil.    Grade Crossing Acts.*

Where a statute limits the time within which a petition for damages must be
brought, the court has no jurisdiction to entertain a petition brought after that
time has expired.

If a petitioner for damages, under an act providing for the abolition of a grade
crossing, has a ground for equitable relief, he has no right to have the petition
in the original proceedings for the abolition of the grade crossing amended by
inserting the substance of his petition in it.  His proper course would be to file
a petition as intervenor in the grade crossing proceedings.

The general rule of law is that where the Legislature authorizes the taking of land
for a public use, and the taking is in accordance with the statute, a plain and
adequate remedy for compensation provided by the statute is exclusive.

In a taking of land under an act providing for the abolition of a grade crossing, if
the provisions of the statute are complied with by proceedings in court, it is
immaterial whether the landowner had in fact any notice or knowledge that his
land was taken.

LATHROP, J.    This is a petition to the Superior Court, filed
June 25, 1900, for a jury to assess damages for the taking of a
parcel of the petitioner's land for a highway, by the commis-
sioners appointed under the St. of 1897, c. 519, to consider the
abolition of the grade crossing of Dorchester Avenue and the
railroad of the Old Colony Railroad Company.    The decision
of the commissioners was confirmed by that court on June 23,
1898.

The taking by the commissioners was authorized by § 3 of
the act, and, by § 4, all damages suffered by any persons in
their property by reason of anything done under the act might
be recovered as provided in the St. of 1890, c. 428.    Section 5
of this act provides that a petition to the Superior Court for the
assessment of damages shall be " brought within one year after
the day of the date of the decree of the court confirming the
decision of said commission."

The respondent filed a general denial, and subsequently moved
to have the petition dismissed for the reason that it was not
filed in time; and the petitioner moved to amend the petition

into a bill in equity, incorporating it as a paragraph in the original petition for the abolition of the grade crossing, by striking out the prayer for a jury, and substituting therefor a prayer that the damages be assessed by the court sitting in equity, and an allegation that the taking was without the knowledge of the petitioner, or notice to him; that he first learned of the taking about June 20, 1900; that the land was erroneously taken as the land of the Old Colony Railroad Company, and not as the land of the petitioner; and that if it had been taken as his he would have had an award in his favor and would have been notified of the taking.

The judge ruled that the petition could not be maintained, granted the motion to dismiss, and ordered judgment for the respondent. The judge further ruled that if the petition could be turned into a bill in equity it could not be maintained for the assessment of damages, and reported the case for the determination of this court. If either of the rulings was wrong, judgment was to be entered for the petitioner for $200, and costs.

The first contention of the petitioner is that the petition can be maintained on the ground that the street was laid out, not as a part of the abolition of Dorchester Avenue grade crossing, but as a separate municipal improvement; and to this point he cites *Farwell* v. *Boston*, 180 Mass. 433, 438. While there is broad and general language in the opinion, the only points decided were that § 4 of the St. of 1897, c. 519, was intended "to ensure compensation for all damages, but not to change the rule of damages," and that a petitioner, whose access to a railroad was taken away by the removal of the railroad, and whose land was not taken in this connection, could not recover damages for the injury to his business. There is nothing in that case which bears upon the contention of the petitioner here as to the time in which the petition must be filed.

Where a statute limits the time in which a petition for damages must be brought, the court has no jurisdiction to entertain a petition brought after that time has expired. *Custy* v. *Lowell*, 117 Mass. 78. *Cambridge* v. *County Commissioners*, 117 Mass. 79. *Gately* v. *Old Colony Railroad*, 171 Mass. 494, a decision under the St. of 1890, c. 428, § 5. See also *McGrath* v. *Water-*

*town,* 181 Mass. 380.    The petition therefore was rightly dismissed.

It is not contended that the case falls within the provisions of the St. of 1900, c. 84, and it is clear that it does not, for that statute is limited to persons injured by a change of grade of streets in connection with the abolition of the grade crossing of Dorchester Avenue and the Old Colony Railroad.

The remaining question is as to the right of the petitioner to change the petition into a bill in equity by inserting it with some changes·into the petition in the original proceedings to abolish the grade crossing.    It is clear that if the petitioner has any right to equitable relief he has no right to have the petition in the original proceedings amended, and his proper course would be to file a petition in that case as an intervenor.    *Middleborough* v. *New York, New Haven, & Hartford Railroad,* 179 Mass. 520, 524.

But we are of opinion that he is not entitled to relief in equity.    It is true that such relief was granted in the case last cited, but that was on the ground that the town which sought to recover damages for land taken within its borders, could not avail itself of the relief afforded by § 5 of the St. of 1890, c. 428, because it could not sue itself.

The general rule of law is that where the Legislature authorizes the taking of land for a public use, and the taking is in accordance with the statute, and a plain and adequate remedy is provided for compensation, the remedy provided by statute is exclusive.    *Perry* v. *Worcester,* 6 Gray, 544, 546.    *Hull* v. *Westfield,* 133 Mass. 433, 434.    *Boston Belting Co.* v. *Boston,* 149 Mass. 44.    *Titus* v. *Boston,* 149 Mass. 164, 166.    *Bainard* v. *Newton,* 154 Mass. 255, where relief in equity was denied.

In *Gately* v. *Old Colony Railroad,* 171 Mass. 494, it was contended that the St. of 1890, c. 428, § 5, was unconstitutional because it did not provide for notice to the owner whose land was taken ; but it was pointed out in the opinion that the entire proceeding of taking the land was by a suit in court, and it was held that no further notice was required than that provided for in the statute.    See also *Appleton* v. *Newton,* 178 Mass. 276, where this subject is discussed at length.    The fact therefore that the petitioner had not in fact any notice or knowledge that

his land was taken, is immaterial, if the provisions of the statute were complied with, and there is nothing to show that they were not complied with.

*Judgment for the respondent affirmed.*

*W. O. Childs*, for the petitioner.

*S. M. Child*, for the respondent.

