WILLIAM A. SWEET & others *vs.* CITY OF BOSTON.

Suffolk.  March 10, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Constitutional Law*, Eminent domain.  *Limitations, Statute of.*  *Damages*, For land taken by statutory authority.

Where land is taken by right of eminent domain under a statute which requires a filing in the registry of deeds of a description of the land taken and provides that any person having an estate in any part of the land taken may file a bill in equity for damages within one year from the time of the taking, that the court shall cause notice of the pendency of the bill to be given to all persons having claims under the act in order that they may join in the suit and that any one who does not become a party within the time prescribed by the court shall be forever barred from recovering damages on account of such taking, a notice of the pendency of such a suit given by publication in accordance with an order of the court is sufficient to meet all constitutional requirements.

St. 1867, c. 308, authorizing the city of Boston to take certain land in that city for the purpose of raising its grade in order to abate a nuisance, provided in § 2 that any person entitled to an estate in any part of the land so taken might " at any time within one year from the time when the same shall be taken, as well in his own behalf, as in behalf of all other persons having estates in the land so taken, file a bill in equity " to recover damages, that thereupon the court should cause notice of the pendency of the bill to be given to all persons named as defendants and all persons in whose behalf the bill should be filed and that any person failing to appear and become a party within the time prescribed by the court should be forever barred from recovering any damages on account of such taking.  Such a bill being filed, the court prescribed notice thereof by publication in two newspapers in Boston, which was given.  Many years later one claiming an estate in part of the land taken, but who had not become a party to the former suit, brought a bill in equity for damages, alleging that he was a minor residing outside of the Commonwealth and that he first had actual notice or knowledge of the former suit or of the taking of the land within a year from the filing of his bill.  *Held*, that the suit was barred by the limitation of the statute, and that, the proceeding by which the land was taken being *in rem*, the facts that the plaintiff had no actual notice or knowledge of the taking and that he was a non-resident and a minor were immaterial, the statute making no exception in favor of non-residents or minors.

BILL IN EQUITY, filed May 1, 1886, in the Supreme Judicial Court, to recover compensation for four house lots on the corner of Church Street and Pleasant Street in Boston taken by that city on May 9, 1868, under St. 1867, c. 308, authorizing the taking of the territory described in that act, known as the Church Street district, for the purpose of raising its grade and

filling it with good materials, to abate a nuisance and for the preservation of the public health.

The answer was filed on April 8, 1887. Issue was joined on October 17, 1903. In December, 1903, the case came on to be heard before *Braley*, J.

The petitioners offered the following amendment to their bill:

"Your petitioners in the above entitled cause respectfully ask this Honorable Court for leave to amend their bill of complaint by adding thereto the following:

"Respectfully represent your orators that the case of *David Cobb* v. *City of Boston* was filed under authority of Chapter 308 of the Acts of 1867 in behalf of all persons interested in the taking of land by the City of Boston but that because of the facts recited in their bill your orators have not joined in said case.

"Wherefore your orators pray that this Honorable Court will reopen the case of *Cobb* v. *Boston* and allow your orators to become parties thereto."

The justice ruled that as matter of law the case of *Cobb* v. *Boston* could not be reopened, and declined to allow the amendment. Upon the evidence he ruled that as a matter of law the plaintiffs were not entitled to maintain their bill, and at the request of the plaintiffs reported the case for determination by the full court.

If the plaintiffs were entitled to maintain their original bill, or if they were entitled to the amendment prayed for and could maintain their bill as amended, the case was to stand for trial upon the question of damages; otherwise, the bill was to be dismissed.

The case of *Cobb* v. *Boston* is reported in 109 Mass. 438, where St. 1867, c. 308, is printed in full in a footnote. The final decree in that case, entered on April 4, 1882, was "Bill dismissed without costs and without prejudice." The bill in equity in that case was brought by David Cobb under St. 1867, c. 308, § 2, in behalf of himself and all others interested in the land taken by the city and was filed within a year from the taking. Many parties joined in the suit, but none of the record owners of the land in question in this suit joined therein. By an order of court notice to all parties interested to join in that

suit as required by § 2 of the act was published for three successive weeks in two newspapers in Boston. This was the only notice ordered. The plaintiffs were minors residing outside of the Commonwealth and had no actual notice of the suit brought by Cobb and no knowledge of the taking of the land until within one year of the time of filing their present bill in 1886.

*J. H. Sherburne, Jr.*, for the plaintiffs.

*S. M. Child*, for the defendant.

KNOWLTON, C. J. This is a bill in equity to recover compensation for land taken by the city of Boston on May 9, 1868, under the St. 1867, c. 308.

We need not consider the question whether the plaintiffs were the owners of valuable interests in the property at the time of the taking, for if we assume that they were, and that they have never been divested of these rights except by the taking, we find in their case other insurmountable obstacles to their recovery. The statute authorized the taking of the land for the abatement of a nuisance, and it prescribed for landowners a mode of obtaining compensation for their land. The city was required to file in the registry of deeds, within sixty days after taking any lands, a description of them, and a statement that they were taken pursuant to the provisions of the act. One year from the time of the taking was allowed to every person having an estate in the premises, to file a bill in equity in behalf of himself and all other persons having estates in the land taken, for the recovery of his damages. The court was then required to cause notice to be given of the pendency of the bill to the defendants named in it, and to all persons in whose behalf the bill was filed, and to prescribe how the notice should be given, and the length of time allowed for appearing and becoming a party to the suit. Then follows this provision of the statute : " Any party failing so to appear and become a party within the time prescribed by the court, shall be forever barred from recovering any damages on account of such taking."

In the case of *Dingley* v. *Boston*, 100 Mass. 544, the constitutionality of this statute was affirmed, and it was again affirmed in *Sweet* v. *Rechel*, 159 U. S. 380. A bill in equity was brought for the recovery of damages, in accordance with its provisions, as appears by the report in the case of *Cobb* v. *Boston*, 109 Mass.

438, where the statute may be found printed in full. Proper notice was given to all persons having estates in the land taken, and all the proceedings seem to have been conducted regularly. The plaintiffs did not appear and become parties, and under the provision of the statute quoted above, they are " barred from recovering any damages on account of such taking."

That the notice given was sufficient to meet constitutional requirements is shown in *Appleton* v. *Newton*, 178 Mass. 276. That the limitation created by the statute in such cases constitutes an effectual bar to recovery after the expiration of the prescribed time, has often been held. *Gately* v. *Old Colony Railroad*, 171 Mass. 494. *McGrath* v. *Watertown*, 181 Mass. 380. *Lancy* v. *Boston*, 185 Mass. 219.

It makes no difference that the petitioners were minors and non-residents, inasmuch as the statute makes no exception in their favor. It is for the Legislature to prescribe proper limitations upon the bringing of actions, and they may make these limitations applicable to non-residents and minors as well as to others. *Taylor* v. *County Commissioners*, 18 Pick. 309. *Hall* v. *Bumstead*, 20 Pick. 2. The taking of land under the right of eminent domain is a proceeding *in rem*, and in statutes authorizing such taking, it is not common to make exceptions as to minors. See *Tyler* v. *Court of Registration*, 175 Mass. 71, and cases above cited. It is important that proceedings in the construction of public works should not be kept open for an unreasonably long time, and it may be assumed that the interest of minors will be protected by their guardians, or by others who are near to them. The cases of *Indiana Central Railway* v. *Oakes*, 20 Ind. 9, and *Coy* v. *Coy*, 15 Minn. 119, relied on by the plaintiffs, are under statutes very different from the one before us.

The plaintiffs have referred us to no authorities which justify us in sustaining their claim, presented to the court for the first time nearly eighteen years after the taking, and not prosecuted to a final hearing until after the expiration of thirty-five years from the time when their cause of action accrued.

*Bill dismissed.*