WILLIAM O. PARTRIDGE *vs.* INHABITANTS OF ARLINGTON.

Middlesex.    November 22, 1906. — January 3, 1907.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Exceptions, Amendment.  *Superior Court.  Jurisdiction.  Damages.*

Although, where a judge of the Superior Court has authority to allow an amendment, no exception lies to the exercise of his discretion, an exception lies to the allowance of an amendment beyond the jurisdiction of the court.

The Superior Court has no power to allow an amendment to a petition for damages under a statute adding a separate claim which is barred by the limitation of the statute.

The Superior Court has no power to allow an amendment to a petition under Pub. Sts. c. 52, §§ 15, 16, for damages from a change of grade in a highway, which undertakes to add as a petitioner the wife of the original petitioner, asserting a claim for damages to one of the lots of land described in the original petition belonging to the wife of the petitioner in her own right for which she failed to file a petition within one year from the completion of the work, as required by § 15, or to file within a period of five or six years any petition to the Superior Court under § 16 to have her damages ascertained by a jury.

PETITION, filed on or about September 8, 1898, under Pub. Sts. c. 52, § 15, with the selectmen of the town of Arlington, by William O. Partridge as the " owner of a certain estate on Claremont Avenue " in Arlington, praying the selectmen to determine his damages by reason of a change of grade in that avenue made in the years 1897 and 1898.

Hearings were had on the petition, and a final adjudication was made thereon by the selectmen on December 3, 1898, when the selectmen voted as follows : " That the petitioner has sustained no damage by any acts done by the board of selectmen of the town or by its authority in changing the grade of said Claremont Avenue over and above the benefit received by him by reason of such change of grade and such other acts done by the authority of said board."

Thereafter on August 7, 1899, the petitioner William O. Partridge applied by petition to the Superior Court under § 16 of the same statute to have his damages estimated and assessed by a jury in the present proceeding. The respondent filed an answer to this petition.

From August 7, 1899, to the present time the petition has been pending in that court. At the time of filing his petition with the selectmen, and also at the time of filing his petition in the Superior Court, the petitioner William O. Partridge owned two lots of land on Claremont Avenue not adjoining each other, and his wife, Isabella C. Partridge, owned the lot with the buildings thereon situated between these two lots.

In the petition of William O. Partridge to the Superior Court, the petitioner alleged that the record title of the last named lot, being the lot second described in that petition, stood in the name of Isabella C. Partridge.

Isabella C. Partridge has never at any time filed any petition with the selectmen under the Pub. Sts. c. 52, § 15, or otherwise for compensation for any damage sustained by her by reason of the matters and things set forth in the petitions or either of them, or by reason of any other act of the town of Arlington or its officers or agents, or for the determination of such compensation, although all the raising, lowering or other acts done for the purpose of repairing the way were done and fully completed before September 8, 1898.

She never applied to the Superior Court by petition or otherwise except to file a motion on January 16, 1904, to be admitted as a party petitioner in this proceeding.

A hearing was had in the Superior Court on this motion on February 12, 1904, before *Gaskill*, J. The respondent asked the judge to rule as a matter of law that Isabella C. Partridge could not be admitted as a party petitioner and to overrule her motion. The judge refused so to rule and allowed the motion against the objection of the respondent. The jury found for the petitioners in the sum of $250, assessing damages on one of the lots at $225 and on the other lot at $25. The respondent alleged exceptions to the allowance of the motion and to the refusal of the judge to rule as requested.

*H. D. Hardy,* for the respondent.

*G. P. Wardner,* for the petitioner.

SHELDON, J. The only question presented by these exceptions is whether the Superior Court could rightfully allow Mrs. Partridge's motion that she should be admitted as a party petitioner. If the court had such power, no exception to its

decision would lie. *Payson* v. *Macomber*, 3 Allen, 69, 70. But if the court had no authority to allow the amendment as a matter of discretion, then the defendant could take advantage of the error by exception. *Peterson* v. *Waltham*, 150 Mass. 564. Nor do we think it material to consider at present what would be the effect of the amendment if the court had jurisdiction to hear her case. If Mrs. Partridge, after having been admitted as a petitioner, was entitled to have her case heard, even though she had not the right to maintain her petition either because she had failed to make any claim before the selectmen or because she had not seasonably begun her proceedings, this question would properly be considered at the trial, and the rights of each party could then be fully protected, as in *Smith* v. *Butler*, 176 Mass. 38. If, however, the effect of the amendment itself would be to oust the court of its jurisdiction over the subject matter of the petition, then we are bound by the previous decisions of this court to say that the court had no power to allow the amendment. This was the very point of the decision in *Peterson* v. *Waltham*, 150 Mass. 564. It was held in that case that the court had no power to allow an amendment changing an action of tort to recover damages for the taking of the plaintiff's land and laying out streets over it into a petition for the recovery of damages under the statute, after the expiration of the time within which the statute allowed such a petition to be filed; and the decision was rested upon the ground that if the amendment could be regarded as changing the declaration into a petition from the time it was filed, or as changing the writ into a petition from the time it was issued, the effect would be to show that the court had no jurisdiction, and that there were no legal proceedings before it. To the same effect is *Lancy* v. *Boston*, 185 Mass. 219, in which Lathrop, J. says, as the basis of the decision, that where a statute limits the time in which a petition for damages must be brought, the court has no jurisdiction to entertain a petition brought after that time has expired. And see the cases there cited.

In the case at bar, the only remedy for the recovery of the damages claimed in the petition was that given by Pub. Sts. c. 52, §§ 15, 16. Before the enactment of the statute of which these sections are a revision, these damages could not have been

recovered at all. *Callender* v. *Marsh,* 1 Pick. 418. And it is settled that the new right thus given can be enforced only in the manner provided by the statute. *Sullivan* v. *Fall River,* 144 Mass. 579, 585. *Hull* v. *Westfield,* 133 Mass. 433. This was assumed in *Proctor* v. *Stone,* 158 Mass. 564, and *Garrity* v. *Boston,* 161 Mass. 530. In the case of a town, this remedy was to file a petition with the selectmen within a year after the completion of the work, for compensation for whatever damages had been sustained; and if the petitioner was aggrieved by the determination of the selectmen or by their neglect or failure to act upon such a petition within thirty days, he might, by a petition filed within the further period of one year, have his damages assessed by a jury. Mrs. Partridge had taken neither of these steps when she filed her motion, although the time therefor had much more than expired. No doubt the defendant might have waived the objection that there had been no determination of her damages by the selectmen, and perhaps might have been held to have done so if it had allowed this amendment to be made without objection. *Flagg* v. *Worcester,* 8 Cush. 69. But there is no suggestion and no room for a contention that the defendant had waived any of its rights. It follows that Mrs. Partridge has lost both her right and her remedy to recover these damages, by her failure to act in the manner and within the time provided by the statute; and, as already stated, the Superior Court had no jurisdiction to entertain her petition therefor. *Lancy* v. *Boston,* 185 Mass. 219. *Gately* v. *Old Colony Railroad,* 171 Mass. 494. *Custy* v. *Lowell,* 117 Mass. 78. *Cambridge* v. *County Commissioners,* 117 Mass. 79, 83. Accordingly, as in *Peterson* v. *Waltham,* 150 Mass. 564, the only effect of allowing this amendment and giving to Mrs. Partridge liberty to appear as a co-petitioner would be to deprive the court of jurisdiction to hear her case; and the court had no power to allow the amendment.

Nor is it any objection to this result that Mr. and Mrs. Partridge might perhaps have joined in one petition to the selectmen for the assessment of their damages. If we assume that the provisions of Pub. Sts. c. 49, § 34, were applicable to a petition under c. 52, § 15, (see *Onset Street Railway* v. *County Commissioners,* 154 Mass. 395,) yet it remains true that the rights of these peti-

tioners were strictly several, and in no sense did they have any joint· interest ; nor could compliance with the statutory requirements by one of them in his own behalf enure in any way to the benefit of the other. The difficulty is not that the Superior Court could not allow the bringing in of new parties by amendment; the existence of that power is now well settled, and needs no citation of authorities to support it. In the case at bar the insuperable difficulty is that it appears by the bill of exceptions that the Superior Court had no jurisdiction to entertain the petition of Mrs. Partridge, and so could not allow her to appear as a co-petitioner.

*Exceptions sustained.*