BENJAMIN P. CHENEY & another, trustees, *vs.* ASSESSORS OF THE TOWN OF DOVER.

Norfolk.    March 2, 1910. — May 17, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Tax*, Abatement.    *Practice, Civil*, Appeal.    *Jurisdiction.*    *Words*, " Entering," " Filing."

Under R. L. c. 12, § 78, St. 1909, c. 490, Part I. § 77, a complaint or petition entered in the Superior Court by a person aggrieved by the refusal of the assessors of a city or town to abate a tax is an appeal, and must be entered in the Superior Court on the first return day after the expiration of thirty days from the giving by the assessors of the written notice of their decision required by a preceding section of the statute.    By R. L. c. 167, § 24, the return day in the Superior Court is the first Monday of every month, and the Superior Court has no jurisdiction of such an appeal first attempted to be entered on the Thursday following such first Monday of the month next after the expiration of such thirty days.

It is a well established rule that where a remedy is created by statute the time within which it must be pursued is one of the prescribed conditions under which it can be availed of, and the court in which such remedy is sought has no jurisdiction to entertain proceedings for relief begun at a later time.

KNOWLTON, C. J.   These petitioners presented to the assessors of the town of Dover an application for an abatement of a tax alleged to have been assessed erroneously.   The assessors refused to abate the tax, and gave written notice to the petitioners of their decision, as required by the R. L. c. 12; § 76.   This notice was given on June 29, 1909.   The petitioners, feeling aggrieved by the refusal of the assessors, and acting under the provision which is found in the R. L. c. 12, § 78, and in St. 1909, c. 490, Part I. § 77, attempted to take an appeal to the Superior Court, and on Thursday, August 5, 1909, filed in that court the petition or complaint which is now before us.   In it they set forth, among other things, that they were aggrieved by the refusal of the assessors to grant the abatement applied for, and that they therefore appealed from the refusal to the court.   By the terms of the sections above referred to, an appeal to the Superior Court may be taken " by entering a complaint in said court on the first return day after the expiration of thirty days from the giving of the notice " of their decision by the assessors, as required by a preceding section.   The statutory return day in the Superior Court is the first Monday of every month, so that the first return day after the expiration of thirty days from the giving of the notice was Monday, August 2.   R. L. c. 167, § 24.   The petitioners took out an order of notice on this petition, returnable on the first Monday of September, and caused it to be served upon the inhabitants of the town.

The respondents contended that the complaint or petition was entered in the Superior Court three days too late, and they appeared specially and filed a motion to dismiss for that reason. This motion having been allowed by a judge of the Superior Court* the case comes before us on an appeal by the petitioners. They contend that the entry intended by the statute was an entry after service of notice on the respondents, and they rely in part upon the provision that a writ against a town must be served thirty days before the return day.   They argue that the entry in this case was seasonable.

* *Fessenden*, J.

We are of opinion that the decision of the Superior Court was correct. The language in the next preceding section relative to appeals to the county commissioners is "filing a complaint," instead of "entering a complaint," which are the words used in this section. But "entering" is the word ordinarily used for the commencement of a proceeding on the records of the Superior Court, while "filing" is more commonly used in reference to papers presented for action before county commissioners. This distinction is recognized in the St. 1891, c. 87. We are of opinion that the filing of the complaint with the clerk of the county commissioners and the entering of a complaint in the Superior Court called for the same kind of action in either case, and that the complaint to be entered in the Superior Court on the return day is to be in a form similar to that of the complaint to be filed with the clerk of the county commissioners within thirty days after receiving the notice. There is no requirement of a service of notice of the complaint upon the town in either case, it being assumed, apparently, that the knowledge of the assessors as officers of the town will sufficiently protect the interests of the inhabitants. By § 79 of c. 12 of the Revised Laws (§ 78 of St. 1909, c. 490, Part I.) the time for the hearing may be postponed at the request of the respondent.

It has often been decided that, when a remedy has been created by statute and the time within which it must be pursued is one of the prescribed conditions under which it can be availed of, the court has no jurisdiction to entertain proceedings for relief begun at a later time. *Custy* v. *Lowell*, 117 Mass. 78. *Peterson* v. *Waltham*, 150 Mass. 564. *Wheatland* v. *Boston*, 202 Mass. 258.

The petitioners do not deny that no such service is necessary in an appeal; but they contend that the complaint before the county commissioners or the Superior Court is not an appeal, but a new proceeding. The statute treats it as an appeal, and calls it an appeal in both sections. The procedure provided is like that of an ordinary appeal. We think it is in fact an appeal, and that no service of process upon the town is contemplated. So far as we are aware, the practice has been in accordance with this view.

In their brief the respondents have cited more than thirty cases

which have come to this court under this statute, and it is said that in all of them the record shows an entry of the appeal on the first Monday of the first month after the expiration of thirty days from the receipt of the notice from the assessors, or on a day earlier than this Monday, without the formal service of any process upon the assessors or the inhabitants of the city or town. In the cases where the entry was before the return day prescribed by the statute, either no objection was made on that account, or it was held that the irregularity was waived. See *National Bank of Commerce* v. *New Bedford*, 175 Mass. 257; *Brodbine* v. *Revere*, 182 Mass. 598. We are referred to no cases in which the practice has been such as the petitioners contend for.

*Order of dismissal affirmed.*

The case was submitted on briefs.

*W. A. Gaston, F. E. Snow & R. M. Saltonstall*, for the petitioners.

*S. H. Hudson & P. Nichols*, for the respondents.