### N. WARD COMPANY *vs.* CITY OF BOSTON.

Middlesex.     January 26, 1916. — March 4, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Venue. Eminent Domain. Boston. Damages,* For property taken or impaired under statutory authority.

A petition to assess damages for land taken by the street commissioners of the city of Boston under St. 1909, c. 486, § 31, by a taking originally invalid which afterwards was made valid by the confirmatory statute St. 1914, c. 569, can be filed only in the county of Suffolk, and such a petition filed in the county of Middlesex must be dismissed.

CARROLL, J. This is a petition for a jury to assess damages for land taken by the respondent under St. 1909, c. 486, § 31.

It was decided in *N. Ward Co.* v. *Street Commissioners*, 217 Mass. 381, that the original taking was not valid. St. 1914, c. 569, ratified and confirmed all takings of land for municipal purposes by the street commissioners of the city of Boston and gave to those whose land was taken the right to file in the clerk's office of the Superior Court for the county of Suffolk, a petition for a jury to assess the damages. This petition was brought in the county of Middlesex and, on motion of the respondent, the petition was dismissed.* The petitioner appealed. The question is, Can the proceedings under the statute be made returnable in Middlesex County, or only in the county of Suffolk?

R. L. c. 167, § 8, directs that actions by or against the city of Boston, with exceptions not material here, may be brought in the county of Suffolk, Essex, Middlesex or Norfolk, or in the county in which the plaintiff lives. The petitioner claims that this statute governs, and the petition was properly brought in the county of Middlesex. St. 1909, c. 486, § 31, under which the land of the petitioner was taken, provides that, when land is taken under the statute by right of eminent domain, it shall be paid for in the manner provided for the taking of and the payment of damages for land taken for highways in said city. St. 1906, c. 393, an act relative to highways in the city of Boston, in § 2 gives to the person damaged in his property the right to apply for a jury in the county of Suffolk, and under R. L. c. 48, § 90, the damages for the laying out, relocation, alteration, widening or discontinuance of or the ordering specific repairs on a highway in the city of Boston, must be sought in the county of Suffolk. See also St. 1906, c. 463, Part II, § 7.

The validating act of 1914, *supra*, requires the petition to be filed in Suffolk County.

It was the intention of the Legislature, we think, in the matter of the assessment of damages for the taking of land under this statute, to limit the petitioner to the county of Suffolk. If it did not so intend, the particular language requiring the application for a jury to be made in the county of Suffolk would not have been used. The words were inserted in the act for the purpose of confining the proceedings to the county of Suffolk. The rights of the petitioner are governed by the statute, and the remedy therein

---

* By order of *Wait*, J.

provided, including the direction regulating the venue of the petition, is exclusive. *Lancy* v. *Boston,* 185 Mass. 219. *Perry* v. *Worcester,* 6 Gray, 544, 546.

The order of the court allowing the motion of the respondent, dismissing the plaintiff's petition, is affirmed.

*So ordered.*

*G. L. Mayberry,* (*L. A. Mayberry* with him,) for the petitioner.
*G. A. Flynn,* for the respondent.