PERCY L. STERLING, administrator, *vs.* FREDERICK LEYLAND AND COMPANY, LIMITED.

SAME *vs.* SAME.

Suffolk.   December 7, 1921. — June 27, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Report by judge, Amendment.   *Jurisdiction.   Superior Court.   Workmen's Compensation Act,* Procedure.   *Negligence,* Causing death.   *Limitations, Statute of.*

A judge of the Superior Court, who has heard a motion to dismiss, a plea in abatement and a demurrer in an action at law and has allowed the motion but has not acted upon the plea or the demurrer, while he may report to this court for determination the propriety of his action as to the motion, has no jurisdiction to report questions relating to the plea or the demurrer.

An employee of a contractor died on November 2, 1916, as the result of exposure to poisonous fumigating gas in the hold of a steamship in navigable waters of the port of Boston.   His widow filed a petition in the Superior Court on September 5, 1917, to enforce in accordance with St. 1911, c. 751, Part III, § 11, as amended (see now G. L. c. 152, § 11), payment of a weekly indemnity under an agreement with the insurer filed with the Industrial Accident Board under the workmen's compensation act.   No writ, summons or other process was issued on the petition but, after notice to the insurer, a decree awarding the widow compensation was ordered.   On September 11, 1919, this court upon a bill of review vacated that decree.   An administrator of the estate of the deceased employee was appointed on October 20, 1919, and on November 12, 1919, he filed a motion in the Superior Court that the petition be amended under R. L. c. 173, § 48, into an action at law for death under St. 1907, c. 375, in which he should be plaintiff and the owner of the steamship the defendant. The motion was allowed without notice to the steamship owner and a summons was issued to it on November 15, 1919.   The defendant, appearing specially, filed a motion to dismiss, which was allowed.   *Held,* that

(1) The motion to dismiss was allowed rightly;

(2) The remedy under St. 1907, c. 375, and the proceeding under the workmen's compensation act involved different parties, different procedure and different causes of action;

(3) An action for causing the death of the intestate could not be maintained because it was not begun within two years after the cause of action arose;

(4) The steamship owner, not having been brought into court under the statute under which alone it could be made liable, had a right to interpose the defence of the lapse of the time within which an action under the statute should have been brought;

(5) The court had no jurisdiction to allow the amendment permitting the change of the cause of action and of all the parties;

(6) The court had no jurisdiction to consider the action set forth in the declaration.

Two ACTIONS OF TORT for the death of the plaintiff's intestates William E. Sterling and William L. Sterling alleged to have been caused on or about November 2, 1916, by poisonous gases accumulated through the negligence of the defendant in the hold of the steamship "Devonian" while lying in navigable waters in the port of Boston. Each action was commenced as a petition under the workmen's compensation act by the widow of the deceased, was amended into an action of tort and a summons was issued to the present defendant on November 15, 1919.

The defendant appeared specially and filed in each action a motion to dismiss. These motions were the same in substance. That filed in the action brought by the administrator of the estate of William L. Sterling alleged as grounds for dismissal the following:

That "it appears upon the record of this case that Percy L. Sterling was not appointed by the Probate Court administrator of the estate of said William L. Sterling within two years after the injury to said William L. Sterling, alleged to have caused his death, and that the action now sought to be maintained was not brought by the plaintiff as such administrator within two years after the injury to said William L. Sterling, alleged to have caused his death, as required by R. L. c. 171, § 2, as amended by St. 1907, c. 375, providing that any action for death shall be commenced by the administrator of the deceased within two years after the injury which caused the death, which said statute the defendant relies on."

That "the petition of Maud M. Sterling which has been attempted to be amended into this action was filed in this court on or about September 5, 1917, on which date the said Percy L. Sterling had not been appointed administrator of the estate of

William L. Sterling, said appointment having been made October 20, 1919; and that if the allowance by this court of the amendment of the said petition into this action has any effect, it has the legal effect of making the date of the commencement of this action September 5, 1917, on which date the said Percy L. Sterling was not the administrator of the estate of William L. Sterling and could not bring this action."

That "this court was without jurisdiction of the said petition of Maud M. Sterling and that the said petition was void and a nullity and was not subject to be amended by this court into the action or suit now relied on or into any other action."

That "the said petition of Maud M. Sterling was neither an action at law nor a suit in equity within the meaning of R. L. c. 173, § 52, as amended by St. 1911, c. 275, and was not subject to be amended by this court into the action or suit now relied on."

That "the cause of action now relied on is not the same cause of action as that for which the said petition of Maud M. Sterling was brought and that said petition is not under or by virtue of the last named statute as amended, subject to be amended into the cause of action now relied on."

That "the parties to the said petition of Maud M. Sterling are not the same either as to the petitioner or as to the respondents as the parties to the cause of action now relied on, and that the said petition is not under or by virtue of the above last named statute as amended, subject to be amended into the cause of action now relied on."

That, "as appears of record, no proper and sufficient notice or opportunity to be heard, was given this defendant either of the motion of this plaintiff to amend the said petition of Maud M. Sterling, or of the action of this court upon said motion."

The defendant also filed in each action a plea in abatement setting forth the same grounds as in the motion to dismiss, and a demurrer alleging that the declaration did not state a legal cause of action in said Percy L. Sterling as administrator under or by virtue of R. L. c. 171, § 2, as amended by St. 1907, c. 375, or otherwise.

In the Superior Court the actions were heard on the motions to dismiss, the pleas in abatement and the demurrers by *Lawton, J.* The proceedings are described in the opinion. The judge allowed

the motion to dismiss in each action without passing on the plea in abatement or demurrer and reported the actions to this court upon an agreement of parties as to each case that, if the motion to dismiss were properly allowed, or if the plea in abatement or the demurrer should be sustained, or if the appeal taken or which, after any judgment for the administrator on this record, might be taken by Frederick Leyland and Company, Limited, would be sustained, or if on a proper pleading in any form in answer by Frederick Leyland and Company, Limited, of the provisions of the R. L. c. 171, § 2, as amended by St. 1907, c. 378, and of the facts stated and proof of those facts, the plaintiff in the case would be precluded from recovering in this proceeding against Frederick Leyland and Company, Limited, under the statute, for the death of the intestate, the case should stand dismissed; otherwise the order dismissing the action should be overruled and the plea in abatement and demurrer overruled with the right in Frederick Leyland and Company, Limited, to answer over on the merits.

*A. C. Burnham,* for the defendant.

*W. N. Osgood,* for the plaintiff, submitted a brief.

RUGG, C. J. The plaintiff as administrator of the estates of William L. Sterling and of William E. Sterling seeks to maintain these two cases as actions of tort under R. L. c. 171, § 2, as amended by St. 1907, c. 375 (see now G. L. c. 229, § 5), to recover damages for the death of his two intestates. They died on November 2, 1916, each being then in the employ of one Tully. The death of each is now alleged to have been due to poisonous fumigating gases accumulated and remaining in the hold of a steamship lying in navigable waters in the port of Boston through the negligence of the owner, Frederick Leyland and Company, Limited. Each of the present proceedings was commenced as a petition filed in the Superior Court on September 5, 1917, by the widow of each decedent to enforce in accordance with St. 1911, c. 751, Part III, § 11, as amended (see now G L. c. 152, § 11), payment of a weekly indemnity under an agreement of the insurer filed with the Industrial Accident Board under the workmen's compensation act. No writ, summons, or other process was issued on this petition, but after notice to the insurer decree was entered in each case ordering payment in accordance with

the agreement. *Dempsey's Case,* 230 Mass. 583. Various unsuccessful attacks were made on these decrees but finally on a bill of review they were set aside on the binding authority of *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, as void for want of jurisdiction. *Sterling's Case,* 233 Mass. 485. Administration was first granted on the estate of each decedent on October 20, 1919. The administrator filed in each case on November 12, 1919, a motion to amend the petition into an action at law against Frederick Leyland and Company, Limited, to recover damages for death under St. 1907, c. 375, and to file a declaration in tort to that end "in order to sustain the suit or action for the cause for which it was intended to be brought." R. L. c. 173, § 48. G. L. c. 231, § 51. In each case the motion was allowed and the declaration was filed on November 15, 1919, and on the same date summons was issued to Frederick Leyland and Company, Limited, all without previous notice to it or opportunity to it to be heard. Within the time allowed after the return of the summons, Frederick Leyland and Company, Limited, appeared specially and filed in each case a motion.to dismiss, a plea in abatement and a demurrer. The cases came on to be heard. The motion to dismiss was allowed in each case. Then, without passing upon the pleas in abatement or the demurrers, the Superior Court judge attempted to report various questions on these pleadings and in connection with the final disposition of the case, as well as the correctness of his ruling in allowing the motions to dismiss.

The case is considered on the motions to dismiss. Having decided those, it was within the power of the Superior Court judge to report the question of law thereby involved. It was beyond his jurisdiction to undertake to report without decision the other interlocutory pleas and other questions as to the final disposition of the case. G. L. c. 231, § 111. See G. L. c. 214, §§ 30, 31; *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519; *Riverbank Improvement Co.* v. *Chapman,* 224 Mass. 424, and cases collected at page 425; *Walters* v. *Jackson & Newton Co.* 231 Mass. 247.

The motion to dismiss was allowed rightly. The cause of action now sought to be enforced is under the statute for causing death by negligence. No such cause of action existed at common

law.  *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 376, and cases there collected.  By that statute it was prescribed that action to recover damages must be commenced within "two years after the injury which caused the death."  Respecting a similar statute it was said in *Crosby* v. *Boston Elevated Railway*, 238 Mass. 564, 566, "In every case where a right is given by statute coupled with a requirement that an action to enforce it shall be commenced within a stated period, 'Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right.'  *The Harrisburg*, 119 U. S. 199, 214."  To the same effect is *Western Fuel Co.* v. *Garcia*, 257 U. S. 233.  See also *Pratt & Forrest Co.* v. *Strand Realty Co. of Lowell*, 233 Mass. 314, and cases collected at page 318.  The remedy under the statute is the imposition of a penalty upon the defendant for negligently causing the death of a human being, which is ordered paid by way of gratuity for the beneficiaries named in the act. *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8. *Boott Mills* v. *Boston & Maine Railroad*, 218 Mass. 582.  *Wall* v. *Massachusetts Northeastern Street Railway*, 229 Mass. 506.

An action to recover for death under the statute must be commenced by the administrator of the deceased.  In the cases at bar no administrator was appointed until after the expiration of the two years limited by the statute for commencing the actions. A plaintiff in an action under the statute had no legal existence during any part of the two year period for bringing that action. *Brooks* v. *Boston & Northern Street Railway*, 211 Mass. 277.  Each of the original proceedings in court was brought by the widow under the workmen's compensation act to enforce against an insurance company, which had insured the employer of the deceased, the terms of an agreement under that act.  That act has a procedure all its own, being neither an action at law nor a suit in equity although resembling the latter in many respects. *Gould's Case*, 215 Mass. 480.  So far as appears on this record Frederick Leyland and Company, Limited, now sought to be held responsible, had no direct connection either with the employer of the decedents or with his insurer.  Neither of them was its agent or representative.  As to both of them it was an

independent third person. It had no interest whatever in the subject matter of the proceeding under the workmen's compensation act and was in no sense a party to it. No notice was served on it concerning that proceeding. No attempt was made to bring it in as a party until long after the expiration of the two years limited by the statute. Frederick Leyland and Company, Limited, has a right to interpose the absolute defence of the lapse of time if it has not been brought into court in accordance with the statute under which alone it can be made liable. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7. *Peterson* v. *Waltham*, 150 Mass. 564.

The present proceeding is an effort to bring in a new plaintiff, a new cause of action and a new defendant in place of the plaintiff, the cause of action and the defendant of the original proceeding, all after the time when the cause of action now sought to be enforced had gone out of existence. Liberal as is our statute as to amendments, it cannot be stretched to include cases like the present.

The amendments were improperly allowed permitting the change of the cause of action and of all the parties. The court had no jurisdiction to consider the case set forth in these declarations. *Partridge* v. *Arlington*, 193 Mass. 530, 533. *Cheney* v. *Assessors of Dover*, 205 Mass. 501, 503. *Peterson* v. *Waltham*, 150 Mass. 564. *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231. The history of this litigation shows a series of misfortunes. But we are constrained to hold that no other result is now possible than to direct in accordance with the terms of the report that each case shall stand dismissed.

*So ordered.*