SARAH K. HADLEY *vs.* CITIZENS' SAVINGS INSTITUTION.

Worcester.    October 3.—17, 1877.    ENDICOTT & LORD, JJ., absent.

On a complaint under the mill act, objections that the respondent had a prescriptive right to maintain its dam and that there was no mill existing, to the description of the land in the complaint, and to the sufficiency of the service, must be pleaded in bar and decided by the court before the issuing of a warrant, and cannot be made for the first time after the return of the verdict of a sheriff's jury into court.
A motion for a new trial is addressed to the discretion of the court, and no exception lies to its exercise.

On a complaint under the mill act, describing the land flowed as conveyed to the complainant by a certain deed, which referred to other deeds for a description of the land, a witness may testify at the trial before the sheriff's jury that he knew what land the deeds conveyed and that it was the land flowed, although the other deeds are not put in evidence.

COMPLAINT under the mill act, alleging that the respondent flowed the complainant's land in Blackstone, by means of a dam maintained by it across Mill River, and that the complainant was seised and possessed, among other land damaged thereby, of " all the land conveyed in a deed from Welcome A. Thayer to said complainant on the easterly side of said river, dated June 9th, 1857, recorded in said registry, book 583, page 274."    In the Superior Court, the respondent was defaulted and a warrant was issued, describing the land in like terms, for a jury to hear and determine the matter of the complaint.

At the trial before the jury, the respondent objected to the introduction of any evidence tending to show damage to the land above mentioned, on the ground that it was not sufficiently de-

scribed; but the presiding officer allowed the complainant, against the respondent's objection, to read that deed for the purpose of showing what land it described. The deed conveyed to the complainant a parcel of land, but gave no boundaries, and referred to other deeds for a description of the premises, which deeds were not produced. The complainant called her husband, as a witness, who was allowed to testify, against the respondent's objection, that he knew what land was conveyed in said deeds, that it was a parcel containing fifty-five to sixty acres, and extended to and was bounded by the middle of Mill River on one side, and was overflowed and damaged by the respondent's dam. It appeared that the respondent's dam had been maintained at or near its present height for the last fifty or sixty years, and had been used during that time in connection with a mill, which had been burned down two years before. The jury returned a verdict for the complainant.

Thereupon in the Superior Court the complainant moved that the verdict be accepted and confirmed. The respondent filed the following plea in abatement:

" And now the said Citizens' Savings Institution, a corporation duly established as alleged in said complaint, comes by C. G. Keyes, its attorney, and says that this court ought not to have or take any further cognizance of the complaint aforesaid.

" First. Because it says that it, the said Citizens' Savings Institution, is a corporation duly established by law in the State of Rhode Island, and has its usual and only place of business in Woonsocket, in said State of Rhode Island, and has not and never had any place of business within, and is not and never was subject to, the jurisdiction of this court upon said complaint. And this the said corporation is ready to verify.

" Second. Because it says it had not at the time of bringing said complaint and has not now and never had, owned, used or maintained a certain water-mill and a dam to raise water for working it as alleged in said complaint or otherwise, and because it never owned, erected, used or maintained any water-mill or any dam to raise water for working any such water-mill across Mill River named in said complaint or elsewhere within the jurisdiction of this court. And this the said corporation is ready to verify.

" Third.  Because it says that there was no sufficient and lawful service of said complaint, in that no copy of said complaint was ever left at any mill, and no copy of said complaint was ever served or left with said corporation as required by the provisions of chapter 149 of the General Statutes in such case provided. And this the said corporation is ready to verify.

" Fourth.  Because it says that the supposed damages alleged in said complaint (if any such have ever accrued or happened to the said Sarah K. Hadley) are not recoverable under or by said complaint, for the reason that said corporation never had, owned, used or maintained any water-mills in connection with the dam mentioned in said complaint, and does not intend to erect, use or maintain any such mill, and that said dam has not been used or maintained by said corporation to raise water for working any such mill.

" Wherefore the said corporation prays judgment whether this court can or will take further cognizance of the complaint aforesaid."

The respondent also moved that the default be taken off ; and that a new trial be granted.

*Brigham*, C. J., overruled the respondent's plea and motions ; and ordered that the verdict be accepted.  The respondent alleged exceptions.

*C. G. Keyes*, for the respondent.

*T. G. Kent*, for the complainant.

GRAY, C. J.   Upon a complaint under the mill act, every matter which shows that the complainant cannot maintain his suit, except the question whether he has sustained any damages, must be pleaded in bar and decided by the court before the issue of the warrant for a sheriff's jury.  Gen. Sts. *c.* 149, § 8.  *Charles* v. *Porter*, 10 Met. 37.  *Howard* v. *Proprietors of Locks & Canals*, 12 Cush. 259.  *Darling* v. *Blackstone Manuf. Co.* 16 Gray, 187. The objections that the respondent had a prescriptive right to maintain its dam and that there was no mill existing, as well as those to the sufficiency of the description of the land in the complaint, and to the sufficiency of the service, were waived by omitting so to plead them, and by appearing, without protest, before the sheriff's jury, and taking the chance of a favorable verdict, and could not be made for the first time after the return

of the verdict into court. In *Fitch* v. *Stevens*, 4 Met. 426, cited for the respondent, the defendant, who was allowed, in answer to an action to recover the damages assessed by the sheriff's jury, to show that no mill had ever been built, was not a party or privy to the proceedings on the complaint.

The motion for a new trial was addressed to the discretion of the court. The testimony of the complainant's husband was admissible to identify the land flowed.

*Exceptions overruled.*