JOSEPH W. NICKLAS *vs.* CITY OF NEW BEDFORD.

ABRAM HERMAN *vs.* SAME.

Bristol.    October 28, 1924. — January 9, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Damages*, For property taken or damaged under statutory authority. *Jurisdiction. Practice, Civil,* Verdict, New trial. *Pleading, Civil,* Answer. *Limitations, Statute of.*

A judge, presiding at the trial together of petitions, by the owner and by a lessee, respectively, of land taken by a city by eminent domain, for the assessment of their damages, had authority, on a motion by the respondent that findings be set aside as excessive, to order the verdict set aside unless the petitioners would remit all of the damages assessed in excess of a certain sum which, on the record, could not be said to be " an amount not calculated and determined upon evidence introduced in the case"; and, upon agreement by the petitioners as to the remaining verdict, he also had authority to make an apportionment between the petitioners in sums agreeable to them; and exceptions by the respondent to such action on the part of the judge must be overruled.

The requirement of G. L. c. 79, § 16, is a limitation of the right as well as a limitation of the remedy, and the court has no jurisdiction to entertain a petition under § 14 after the time designated in § 16 has expired; therefore a petition filed more than one year after the vesting of the right to damages must be dismissed on motion of the respondent at the trial, although the respondent has filed no appearance nor answer to the petition.

PETITION, filed in the Superior Court on March 31, 1922, by Joseph W. Nicklas, alleging himself to be the lessee of certain land in New Bedford taken by the city for the widening of Second Street and entered upon by the respondent on April 2, 1921, the petitioner seeking an assessment of his damages resulting from such taking.    Also, a

PETITION, filed in the same court on April 27, 1922, by Abram Herman, the owner of the land of which the petitioner Nicklas alleged himself to be lessee, alleging an entry by the city "on or about May first A.D. 1921."

On May 6, 1924, the petitioner Herman filed a motion in the Nicklas case that he as owner be allowed to join as petitioner with Nicklas in his petition. The motion was heard by *Lummus*, J., who ordered as follows: "The respondent objecting to the allowance of the foregoing motion on the ground that the time limited in G. L. c. 79, § 16, had expired before the said Herman made said motion or filed any petition for damages (which I find to be true), I deny the motion on the ground that I have no legal right to grant it (see *Partridge* v. *Arlington,* 193 Mass. 530) and note said Herman's exception to such denial."

No appearance nor answer was filed by the respondent. The petitions were tried together before *Lummus*, J., on May 5, 6, and 7, 1924.

From the record it appeared that the testimony as to values most favorable to the petitioners' contentions was as follows: Loss of land taken: lowest valuation, $8,930; highest valuation, $10,170. Building: lowest valuation, $3,300; highest valuation, $3,850. Leasehold interest: lowest valuation, from $8,100 to $10,800; highest valuation, $13,500.

Other material evidence and proceedings at the trial and upon motions for a new trial are described in the opinion. The respondent alleged exceptions.

*B. B. Barney*, for the respondent.

*C. P. Ryan*, for Nicklas.

*S. Rosenberg*, for Herman.

PIERCE, J. The petitioner Herman by a petition filed April 27, 1922, alleging entry " on or about May first, 1921," sought to have damages awarded for taking of realty for the widening of Second Street in New Bedford, March 11, 1921. The petitioner Nicklas was the holder of leasehold rights under the petitioner Herman, who was seised of the premises in fee, and Nicklas also owned the building on said leasehold estate. Under St. 1918, c. 257, § 187, subsections 23–31,

now G. L. c. 79, §§ 23–31 inclusive, the petition of Herman was ordered to be tried with the petition of Nicklas to a jury at New Bedford.   No answer or other pleading was filed by the respondent in either case.   Under St. 1918, c. 257, § 187, subsection 29, the jury found the total amount of damages sustained by the owners of such property to be $23,044, which includes damage and interest at four per cent from April 1, 1921, to May 7, 1924.   Under the same provision of the statute the jury apportioned to Herman the sum of $12,083, and to Nicklas the sum of $10,961, which last sum is made up of an allowance of $3,372 for damages to the building of Nicklas, including therein interest at four per cent from April 1, 1921, to May 7, 1924; and the remainder, as the amount of damage to the leasehold estate, including interest as aforesaid.

At the trial, the petitioner introduced as a part of his case the testimony of the city clerk that the taking of the realty was by order of March 11, 1921, and that the entry for the purpose of construction was made April 2, 1921.   At the conclusion of the petitioner's case, the respondent filed a motion in the Herman case to direct a verdict in the following language: " The respondent requests the court to direct the jury to return verdict for the defendant for the petitioner failed to file his petition within the time allowed by G. L. c. 79, § 16, it appearing that 'entry' was made April 1, 1921, and petition was filed April 27, 1922." This motion was considered by the judge after the introduction of the respondent's evidence as to value and at the conclusion of the presentation of the respondent's case, and was thereupon by said judge denied.   The respondent duly filed a motion that the verdict be set aside and a new trial ordered for the following reasons:

" 1. That the verdict is against the evidence and the weight of the evidence.

" 2. That the verdict is against the law.

" 3. That the damages as found by the jury are excessive." After a hearing the judge made the following order: " The respondent's motion for a new trial is overruled, except upon the ground that the damages are excessive, and upon that

ground I find the damages to be excessive and order the said verdict to be set aside, unless the petitioners shall remit all of said verdict in excess of $17,456.38, the excess above which amount I deem to be excessive; and the petitioners consenting thereto, verdict is entered for the petitioners for said sum of $17,456.38; and with the consent of the petitioners, the said sum shall be apportioned as follows: $7,883.43 to the petitioner Herman, and $9,572.95 to the petitioner Nicklas." The petitioner filed a consent " to the entry of the above finding and verdict." The case is before this court on the exceptions of the respondent to the action of the judge.

As the term " civil actions " includes petitions for damages sustained in condemnation proceedings, *Howard* v. *Proprietors of Locks & Canals,* 12 Cush. 259, 262, 263, it is plain the judge had authority under the provisions of G. L. c. 231, § 127, to grant a new trial "for any cause for which a new trial may by law be granted"; but " A verdict shall not be set aside as excessive until the prevailing party has first been given an opportunity to remit so much thereof as the court adjudges is excessive."

The finding of the judge as to the entire damage to the estate of the petitioners is supported by the reported testimony of witnesses, and is not open to the charge of the respondent that it is " an amount not calculated and determined upon evidence introduced in the case." If the entire damage to the estate be assumed to be correct, it is not contended that the apportionment between the estates as a fact does not accurately represent the damage to each estate. The petitioners assenting thereto, the respondent cannot question the authority of the judge to make an apportionment, especially where, as here, there is no evidence that the sum allotted is greater than the damage to each estate considered apart from the other estate. G. L. c. 79, §§ 22, 29. *Edmands* v. *Boston,* 108 Mass. 535, 547. *Boston* v. *Robbins,* 126 Mass. 384. *Providence, Fall River & Newport Steamboat Co.* v. *Fall River,* 187 Mass. 45, 50. *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad,* 215 Mass. 381, 389.

In the case of Herman the motion to dismiss should have

been granted. G. L. c. 79, § 16, provides that a petition for the assessment of damages under § 14 "may be filed within one year after the right to such damages has vested." This statute is a limitation of the right as well as a limitation of the remedy. *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 13. Where a statute limits the time in which a petition for damages must be brought, the court has no jurisdiction to entertain a petition after the term has expired. *Lancy* v. *Boston,* 185 Mass. 219. *Partridge* v. *Arlington,* 193 Mass. 530. *Sterling* v. *Frederick Leyland & Co. Ltd., supra.* The provision of G. L. c. 79, § 22, that "Any defence to the petition . . . must be pleaded within thirty days after the return day of the subpœna," is a new provision relating to procedure in suits seeking an award of damages for land taken under the right of eminent domain, and was intended to assimilate the practice in such proceedings to that which is in use under the mill acts. *Charles* v. *Porter,* 10 Met. 37. *Howard* v. *Proprietors of Locks and Canals,* 12 Cush. 259. *Darling* v. *Blackstone Manuf. Co.* 16 Gray, 187. *Hadley* v. *Citizens' Savings Institution,* 123 Mass. 301. *Willard* v. *Boston,* 149 Mass. 176. Report of Commissioners (1918) to Consolidate and Arrange the General Laws (page 29). It requires that substantive and affirmative matters of defence and avoidance shall be pleaded, if the respondent desires to contest the right of the petitioners to have the court or jury assess the alleged damage. The failure of the respondent to appear does not result in a default. G. L. c. 79, § 22. And a failure to answer does not confer jurisdiction upon the court.

It results that the exceptions taken by the respondent in the case of Herman must be sustained. And in the case of Nicklas they are overruled.