BOARD OF SELECTMEN OF BREWSTER *vs.* ELDREDGE E. SPARROW, individually and as trustee, & others. April 19, 1983. Even after argument we do not know why the selectmen or their counsel thought it necessary to bring the present separate action (No. 38792) in order to establish their standing to contest the titles of the present defendants to the parcels which are designated as "Owners Unknown" in the 1970 order of taking and which are supposedly involved in the original action (No. 35287). We do know that the judgment in the present action is in error because the selectmen do have standing to contest the titles to the parcels in dispute (see *Prentice* v. *Worcester,* 129 Mass. 559, 568 [1880]; *Emery* v. *Boston Terminal Co.,* 178 Mass. 172, 182 [1901]; *Taber* v. *Boston,* 190 Mass. 101, 107 [1906]), whether they are acting under the fifth sentence of G. L. c. 79, § 7D, as appearing in St. 1970, c. 795, § 1, or under G. L. c. 79, § 39 (see *Willar* v. *Commonwealth,* 297 Mass. 527, 528-529 [1937]; contrast *George A. Fuller Co.* v. *Commonwealth,* 303 Mass. 216, 224 [1939]). The allegations of the eighth through eleventh unnumbered paragraphs of the complaint in the original action suggest that the selectmen may wish to move to dismiss that earlier action under Mass.R.Civ.P. 12(b)(1) or (6), 12(c) or 56(b), 365 Mass. 755-756, 824 (1974). See *Nicklas* v. *New Bedford,* 250 Mass. 471, 474-475 (1925); *Cann* v. *Commonwealth,* 353 Mass. 71 (1967); *Whitehouse* v. *Sherborn,* 11 Mass. App. Ct. 668, 674-675 (1981), and cases cited. In any event, the judgment in the present action (No. 38792) is reversed, and that action is to be consolidated with the original action (No. 35287) for all purposes.

*So ordered.*

*Edward E. Veara (Paul V. Benatti* with him) for the plaintiff.
*John D. Hallisey* for the defendants.